## MATTHEWS et al. v. LOONEY et al.

### No. 9892.

Court of Civil Appeals of Texas. San Antonio.

Dec. 23, 1936.

Rehearing Denied Jan. 27, 1937.

1062

H. S. Bonham, J. A. Wood, W. E. Pope, and M. W. Pitts, Jr., all of Corpus Christi, for appellants.

Kleberg & Eckhardt, J. C. North, and Sidney P. Chandler, all of Corpus Christi, for appellees.

BOBBITT, Justice.

This appeal grows out of a will contest in Nueces county. Appellants here were the proponents in the probate court, where the will was admitted to probate, and of course the contestees in the district court, on appeal from the probate court. Appellees here were the contestants and interveners in the Twenty-Eighth district court of Nueces county, where they challenged the validity of the order of the probate court admitting the will to probate, and upon the grounds of alleged lack of testamentary capacity on the part of the testator and the exercise of undue influence over the mind and will of the testator.

The parties, it appears, reside in the states of Oklahoma and Tennessee. When the case was called for trial in the district court, they all appeared in person and by their respective attorneys. Three separate groups of attorneys appeared in the case; one group represented the contestants, another separate group the interveners, and the third represented the contestees. There was only a small amount of property involved, but a number of litigants were concerned and all were represented by able counsel. Upon the call of the case for trial in the district court, all of the parties, acting through their respective attorneys, and after conferences and discussions between themselves, announced to the court, in open court, that all matters in controversy had been adjusted and settled and requested the court to pronounce judgment to that effect. The learned, experienced, and indulgent trial judge respected such announcement on the part of all the parties through their attorneys, and properly asked for the form of agreed judgment acceptable to all the parties, that it might be duly entered. He was informed that the parties had just agreed upon the settlement; that the form and details of the judgment had not been written out, but that the agreement satisfactory to all concerned had been made, and that the attorneys would proceed to write up the judgment for formal entry at a later time. The trial judge was then, in open court, requested to note upon his docket the fact that the case had been settled by agreement, as well as the substance of the judgment he had been asked to pronounce, and the following entry was thereupon made on the docket:

"11/22/32. Judgment by agreement, probating will fixing lien on property in favor of contestants and interveners, as per decree."

Following such action by the court, the case was, by all concerned, considered definitely ended. The litigants returned to their far-away homes and residences in the states of Tennessee and Oklahoma. The attorneys, pursuant to the agreement made in open court and in accordance with, and following the action of the trial judge in pronouncing the judgment as requested by all of the parties, proceeded to prepare the decree for formal entry. The record shows that the form of the judgment was drafted by one of the attorneys for the contestees,—appellants here,—and by him submitted to the other attorneys for their approval. It appears that all of the remaining attorneys approved and signed such draft as thus prepared, except one of the attorneys for the interveners. It is shown that this one attorney desired to have the notes which were agreed to be given in the settlement made in amounts different than the amounts originally agreed between the parties. The total amount of the obligation was in no way to be affected. This request for a change in the notes was solely for the personal convenience of such attorney and one of the attorneys for the contestees in connection

with their personal affairs and related to their respective interests in the notes as attorneys fees. Such attorney, furthermore, misunderstood the agreement upon which the judgment had been pronounced to the extent that the said notes should bear 6 per cent. interest per annum instead of 7 per cent., as he thought. There was some delay, some conferences and correspondence between some of the attorneys and some of the parties in an effort to work out the form of the notes for the convenience of the attorneys. In the meantime, it appears that the attorneys for the contestees, appellants here, checked up and ascertained that there were some delinquent taxes due against the property concerned, which fact or situation they had not theretofore investigated and were not apprised of, at or prior to the time the case was settled and judgment pronounced as above stated.

It is clear, from the record before us, that the question or issue of agreeing on the form of the judgment between the attorneys was then switched from a request of two of the opposing attorneys for a convenient change in the amount of the notes to the more serious matter of who was going to pay the taxes assessed against the property.

In any event, the attorneys could not, or did not, agree upon the form of the judgment to be entered, and the term of the court expired. It is shown that the attorney for interveners, prior to the closing of such term of court, agreed to the form of the judgment as drafted by the attorneys for appellants, waived his request for a change in the form of the notes, and urged the attorneys for appellants to join him in getting the judgment entered at that term of the court, in accordance with the settlement as made and the action of the court thereon. The attorneys for appellants refused to join in the request for or permit the entry of the form of judgment which they had themselves drafted following the settlement of the matters and the announcements made in open court. It seems to be conceded by the attorneys for appellants that their position and contention are in reality based upon the proposition of the existence of delinquent taxes against the property instead of the form of the judgment or the authority of the court to enter the judgment under the circumstances as developed in connection with the differences over the form of the decree or the expiration of the term of the court. The question of taxes did not enter into and was not a part of the definite agreement made in open court for the settlement of the controversy, following which the real parties at interest, the litigants, had returned to their distant homes, relying upon the integrity and finality of the agreement made in open court and the pronouncement of the judgment as made in their presence.

On November 18, 1933, about a year following the adjournment of the term of the court at which the case was settled, the interveners and contestants (appellees here) filed their motion to have entered in the cause the form of the judgment or decree as it had been prepared or drafted by the attorneys for appellants shortly after the case had been settled, and to which form they had agreed and approved. The appellants opposed such motion, making the contention that "no agreement had ever been reached between the parties"; that the purported or attempted agreement as made was not in compliance with rule 47 for district and county courts; and that the trial court was without authority to enter the judgment as asked by appellees in their said motion.

The trial court ordered and conducted an extensive hearing and trial on appellees' motion for the entry of the judgment nunc pro tunc. At such hearing numerous witnesses, particularly many attorneys, testified and many exhibits were offered in evidence, following which the trial court granted appellees' motion and entered the judgment in the form as originally drafted by the attorneys for appellants, of which action appellants complain in this appeal.

Appellants contend that the action of the trial court in granting appellees' motion violates the provisions of rule 47 for district and county courts (142 S.W. xxi), in that the said agreement "was not made in open court, nor was it signed and filed with the papers as a part of the record." Appellants further contend that no final judgment was rendered during the term of court at which the case was heard, and hence the court was for that reason without authority to enter the judgment nunc pro tunc at a later term. Furthermore, appellants assert that the evidence is undisputed that "no agreement was concluded in open court," inasmuch as the court was not apprised of the details of the proposed agreement; that no such agreement was ever signed and filed among the papers of

the case; that, while the attorneys were endeavoring to reach an agreement, it was disclosed by the attorneys for appellants that there were a large amount of delinquent taxes due against the property; and that, even if all the attorneys for appellees had agreed to the settlement as stated to the court, and the judgment as prepared by attorneys for appellants, such attorneys, after discovering the tax delinquency, "then refused to make the agreement final and to file the same among the papers for such purpose." For all such reasons appellants contend that the trial court erred in granting appellees' motion.

All of the material questions or issues of fact raised by appellants in opposition to the entry of the judgment nunc pro tunc were denied by appellees, and, with the issues thus joined, the court proceeded to hear the testimony, consider the evidence, and decide all such disputes and issues as the trial court determines all questions of fact in any other proper proceeding.

■ It was a question of fact, properly raised by appellees' motion, as to whether, first, the trial court pronounced any judgment in this cause on November 22, 1932, and, second, just what that judgment was and whether it was the particular judgment agreed upon between the parties and reduced to writing by the attorneys for appellants, and agreed to and approved by the attorneys for appellees. The trial court had the burden and responsibility of deciding these issues from the testimony of the several witnesses, the exhibits offered in evidence, and all other matters and circumstances before him and which had any bearing upon the questions. It was his duty, even after the adjournment of the term of court, when the matter was properly presented, as here, to inquire into the facts and give effect to his pronouncement duly made in open court, and which called for a final judgment. He heard all the evidence, observed all the witnesses as they testified, considered all the exhibits and documents presented by and in connection with the testimony of the attorneys as witnesses and as officers of the court. He heard the original announcements made and the agreement as it was stated in open court, made the original pronouncement of judgment himself, and was, of course, in much better position to pass on the facts than this or any other appellate court. If there is any substantial evidence in the record, therefore, to sustain his fact find-

ings, this court should not substitute its judgment for that of the trial court. In this proceeding either party, or the court, could have had the benefit of a jury trial, if desired. The jury was waived by all parties, and the matters determined by the court. 3 Tex.Jur. p. 1088, and authorities; 25 Tex.Jur. pp. 440, 441, and cases cited.

■ We find that there were disputed issues of fact involved in this hearing; that the judgment entered by the trial court is a general judgment in favor of appellees; and that the evidence fully supports the same; and that it should not be disturbed as lacking evidence to sustain it. The rule is well established in this state that, in case of a finding of the trial court in favor of an appellee and upon a general judgment, every issuable fact must be deemed as found in support of the judgment, if there is any competent evidence to support the same. Hines v. Life Ins. Co. (Tex.Civ.App.) 260 S.W. 688, and authorities there cited; Kluck v. Spitzer (Tex.Civ.App.) 54 S.W.(2d) 1063, and cases cited.

■ Rule 47 for district and county courts provides: "No agreement between attorneys or parties touching any suit pending will be enforced, unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

It is clear that the judgment here under attack cannot be sustained if, under the facts and circumstances shown by the record, the agreement to settle the cause was "not made in open court"; that is, there is no contention that the agreement was "signed by the parties and filed with the papers as a part of the record." It is contended by appellees, and found by the trial court as shown by the judgment entered, that the agreement between the attorneys and parties concerning the settlement of the suit in question was "made in open court and entered of record."

Appellants earnestly insist that the record here presented, including the docket entry of the trial court, made at the time, and above quoted, falls short of compliance with the provisions of rule 47, and cite, among other cases, in support of their contention, the opinion by Justice McClendon in the case of Wyss v. Bookman (Tex.Com.App.) 235 S.W. 567, 569. We do not find that the holding in that case supports appellants' contention in this case. In the first place, it is shown in the Wyss Case

that when the parties appeared in court and made their statements or announcements as to the settlement "no record entry appears to have been made of this announcement." In the case at bar, when the parties and their attorneys made their announcements, in open court, that the case was settled, that the will was to be probated, that appellees were to be paid certain amounts out of the estate of the deceased and a lien fixed against the property to secure such payments, the trial judge then and there made an official pronouncement and a "record entry" on his docket of the agreement as made in all of its material provisions and requirements, and there was nothing further to be done except to work out the details of the judgment. The case was then ended. The parties went home. The attorneys proceeded to complete the details of the settlement,— only a matter of form. The court had officially acted in good faith upon the unqualified statements of all parties and their attorneys that the case was settled upon the terms stated and entered of record. In the second place, there is no dispute that the details of the settlement were properly concluded. The form of the judgment was drafted by the attorneys for appellants, and the judgment was agreed to by all of the attorneys concerned; and it is the very form of judgment entered nunc pro tunc, by the same trial judge, after a long hearing on the motion of appellees. In the Wyss Case the form of judgment was not approved by all of the attorneys following their appearance in court.

We do not think there can be any doubt that the action of the trial. court in this instance is in accord with the provisions of rule 47, under the particular facts and circumstances of the case at bar. The agreement was made in open court with all the parties and their attorneys present, and the trial judge entered their agreement of record in all of its material aspects, and we think the court, at the hearing on appellees' motion, properly respected and ordered all others concerned to respect and abide by the agreement thus made, and entered the judgment nunc pro tunc accordingly. Ft. Worth & D. C. R. Co. v. Roberts, 98 Tex. 42, 81 S.W. 25; Thomas v. Smith (Tex.Civ.App.) 60 S.W. (2d) 514; Trotti v. Kinnear (Tex.Civ. App.) 144 S.W. 326; Elliott v. Shaffer (Tex.Civ.App.) 41 S.W.(2d) 686; Peterman v. Peterman (Tex.Civ.App.) 55 S.W. (2d) 1108.

As above suggested, it appears that appellants' real opposition to the entry of the judgment was, and is, not that it was not agreed to in open court by all parties; not that the term of court has expired, but the fact that there are delinquent taxes assessed and unpaid against the property involved. It is true that appellants contend that the judgment is invalid for the reasons they assert, other than the subsequent discovery of unpaid taxes, but, viewing the whole record impartially and reviewing the testimony and briefs of appellants, it is but fair, we think, to state that there would have been no difficulty in connection with the entry of the judgment in full accordance with the agreement of settlement, had it not been for the discovery of the tax delinquency. It is clear and conclusive from the record that, when all the parties and all their attorneys agreed, unqualifiedly, in open court, to settle the case on the terms shown and clearly established in every detail on the motion of appellees, no mention was made of or any consideration given to any question of taxes against the property involved. All parties and their attorneys are presumed to have satisfied themselves with the terms of the settlement as made; each is presumed to have known the condition of the property and of any and all liens or assessments against it. There is no suggestion, from any source, that any one of the parties or their attorneys were deceived or misled in any manner prior to or at the very time of the settlement of the controversy. The tax records are public records, and the appellants and all other parties concerned with or interested in the property involved are charged with knowledge of the facts relating to taxes assessed or owing against the same. Appellants, not having raised the question of delinquent taxes due against the property at the time of the announcement to the court of their agreement to settle the case on the terms stated to the court, cannot thereafter, in the absence of fraud or mistake, refuse to conclude their agreement made with all the other parties and upon which the court pronounced judgment. Peterman v. Peterman, supra.

The record shows that the principal trouble in connection with the entry of the judgment in question arose in a difference between the attorneys in the first instance in the number of notes to be given, in accordance with the settlement made between the parties. That was, and is, an

immaterial matter, and does not in reality change or affect the agreement made at the time of the settlement. It is clear that the trial court did not overlook the real parties at interest in this proceeding nor forget the substance of their good faith agreement to settle their differences in the clash between the attorneys over technical matters of procedure and personal charges and counter charges made by and between some of the attorneys involved as shown by the record before us. And this court, likewise, is endeavoring to arrive at a proper conclusion of this appeal upon the substantial issues presented and without reference to the numerous immaterial and personal matters and differences which consume much of the record.

 Our courts and the law favor and encourage the amicable settlement and adjustment of differences between litigants and the prompt disposal of litigation. Elliott v. Shaffer, supra. It is the purpose and duty of courts to give effect to their pronouncements and judgments and not to permit, in the proper exercise of their power and authority, irrelevant and immaterial matters to obstruct, delay, or defeat the administration of justice. The indulgent trial judge in this cause permitted much delay and heard much testimony, mostly by the attorneys themselves, before he finally entered the judgment here at issue. He found, however, on disputed evidence and under sufficient pleadings, that the judgment which he ordered entered herein nunc pro tunc, in July, 1935, was based upon and gave effect to the agreement made by all the parties, in open court, and in his court on November 18, 1932, where and when he had pronounced judgment on such agreement at the request of all the parties, and his action is by this court sustained. The trial court has the power and authority to make its judgments and records speak the truth and reflect correctly the actions taken and the orders made in such court. While courts must follow the provisions of statutes relating to the time and manner of entering judgments, nevertheless, in a case where the court has in fact pronounced and rendered a judgment which for any reason has not been properly entered or completed of record, the court has the inherent power, under proper request or upon its own motion, to enter such judgment nunc pro tunc, and the lapse of time will not affect such right or authority, except in cases of the rights of third persons and innocent purchasers. Trotti v. Kinnear, supra; Nabers' Adm'r v. Meredith, 67 Ala. 333; Fuller v. Stebbins, 49 Iowa, 376; Long v. Long, 85 N.C. 415; Donne v. Lewis, 11 Vesey, Jr., 601; Lawrence v. Richmond, 1 Jac. & W. 241; Burnett v. State, 14 Tex. 455, 456, 65 Am.Dec. 131; 18 Ency. P. & Pr. 466.

Most of the questions raised in this appeal relate to and depend upon disputed issues of fact which were determined by the trial court against the contentions of appellants, following a lengthy hearing and including the testimony of numerous witnesses and several exhibits introduced in evidence. It is clear to us that the court below entered the proper judgment, and, finding no error in the trial of the cause, it is our opinion that such judgment should be in all things affirmed, and it is so ordered.