MRS. HATTIE M. MATTHEWS ET AL V. MRS. KATE LOONEY ET AL.

No. 7246. Decided January 25, 1939.
(123 S. W., 2d Series, 871.)

314

*H. S. Bonham, W. E. Pope, M. W. Pitts* and *J. A. Wood,* all of Corpus Christi, for plaintiffs in error.

It was error for the court to grant the motion and enter judgment on the alleged grounds that it had been agreed to by the attorneys, because such alleged agreement was not made in open court, nor was it signed and filed with the papers as a part of the record, as provided by Rule 47 for District and County Courts. Billington v. National Standard Life Ins. Co., 68 S. W. (2d) 239; American Warehouse Co. v. Hamblen, 146 S. W. 1006; Hays v. Philadelphia etc. Ry. Co., 39 Md. 413, 58 Atl. 439.

*John C. North,* and *Kleberg & Eckhart,* all of Corpus Christi, for contestants, and *Sidney P. Chandler,* also of Corpus Christi, for intervenors, defendants in error.

The parties having entered into an agreed judgment in open court, and the court having actually rendered judgment thereon, the court was authorized, in determining the nature and terms of the agreement for judgment thus entered into, to hear testimony as to the terms of that agreement, and, having heard the testimony and entered judgment thereon, such action on the part of the court solved any apparent conflict in the testimony in favor of the judgment. Fort Worth & D. C. Ry. Co. v. Roberts, 98 Texas 42, 81 S. W. 25; Thomas v. Smith, 60 S. W. (2d) 514; Trotti v. Kinnear, 144 S. W. 326.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On June 10, 1927, plaintiffs in error filed application for probate of a certain will in the County Court of Nueces County, Texas. The will was contested by a part of the defendants in error. Other parties intervened and they are also defendants in error. The will was admitted to probate, and contestants and intervenors appealed to the District Court of Nueces County. The case was set for trial in the district court on November 22, 1932. On that date the attorneys for all parties appeared in open court and announced that they had agreed upon a settlement of the case. The trial judge thereupon made the following notation upon his docket:

"11/22/32. Judgment by agreement, probating will, fixing lien on property in favor of contestants and intervenors, as per decree."

At the time the announcement was made no decree had been

prepared, although the parties thought they had mutually agreed upon the various details. It appears, however, that when preparation of the decree was undertaken some differences arose between the attorneys. One of the differences concerned the number and amounts of certain notes that were to be executed by the proponents of the will to one set of the parties. This difference appears to have been finally worked out. It further appears, however, that a difference arose concerning delinquent taxes against certain of the property affected by the will. There is a sharp conflict in the evidence as to whether or not this matter was mentioned, or taken into consideration, prior to the time announcement of the settlement was made. After a reading of all the testimony, one thing stands out as certain: No formal decree signed by attorneys for all parties was ever presented to the court for approval, or to the clerk for entry.

On November 18, 1933, contestants and intervenors filed motion for entry of judgment nunc pro tunc, attaching to their motion form of judgment which they alleged contained the terms of the agreement which the parties had made at the time of the announcement in open court of settlement. This motion was contested by plaintiffs in error, they denying that the form of judgment offered for entry had ever been agreed to in its details by them, and further denying that the parties had ever finally agreed upon the terms of the judgment, for the reason that the matter of delinquent taxes was by oversight left undetermined, or had never been in any manner disposed of by agreement.

On July 13, 1935, trial was had upon the motion to enter judgment. Much testimony, consisting largely of that of interested attorneys, was taken. This testimony appears to have related almost altogether to negotiations and discussions between attorneys prior to the announcement in court, and for some months thereafter. For this testimony it appears that the court manifestly was trying the question of whether or not there had ever been an agreement reached by the parties, and was attempting to reach a conclusion as to the terms of the agreement which they had actually made. There appears to have been no dispute as to what was actually announced in open court, and which was nothing more than what is indicated by the notation. On one or more points the evidence of the attorneys was contradictory and conflicting. The trial court, upon the conflicting evidence, sustained the motion and entered the judgment tendered by defendants in error, effective as of No-

vember 22, 1932. Briefly, it may be said that this judgment, after purporting to probate the will in question, affixed a lien against certain real estate in the City of Corpus Christi to secure six notes in favor of contestants in the total sum of $1500, and six notes in favor of intervenors for the total sum of $1750; said notes to bear interest at the rate of six per cent per annum. The judgment fixed the amounts of certain of the notes and their various due dates. It also apportioned one half of the unpaid costs against proponents of the will, one fourth against contestants, and one fourth against intervenors. This judgment was affirmed by the Court of Civil Appeals. 100 S. W. (2d) 1061.

This is not an effort to enter nunc pro tunc a judgment pronounced by the court and evidenced by notation upon the docket. The purpose is to enter a so-called judgment by agreement not evidenced by written decree when announcement of settlement was made, and not made in open court in an enforceable manner. It is elementary that a judgment by consent is one, the term and provisions of which are settled and agreed upon by the parties, and which is entered of record by the sanction and authorization of the court. It is of course essential that the parties themselves agree upon all of the terms and provisions, and the court has no power to supply terms, provisions, or essential details not previously agreed to by the parties.

In our opinion, the notation upon the docket as well as the evidence conclusively show that the court did not undertake to sanction or approve the terms of any particular judgment, but merely recorded announcement of an intention of the parties to settle. The real meaning of the notation is this: "Judgment by agreement, . . . as per decree." The parenthetical statement "probating will fixing lien on property in favor of contestants and intervenors," is manifestly a general statement of the nature of the judgment which the parties announced they intended to have evidenced by decree. If it be assumed that this statement was for the purpose of making record of an agreement on the part of the parties to (a) probate the will, and (b) fix a lien on property in favor of contestants and intervenors, nevertheless all of the essential terms as to amount for which lien was to be fixed in favor of contestants, the amount for which lien was to be fixed in favor of intervenors, the number of notes to each, by whom notes were to be executed, the rate of interest, the due dates, the property on which lien was to be fixed, etc., were left to be evidenced "as per

decree." Assuming that a judgment by consent probating a will and fixing lien on real estate can be made orally in open court and entered of record, certainly all essential terms, provisions and details must be agreed to by the parties, announced to the court, and entered of record. It seems to us obvious that the notation made by the court certainly does not show this was done, and statements by the trial judge, which are not questioned, show conclusively that there was no intention that this be done. The record discloses that in connection with certain evidence which was offered the following statements were made:

"Mr. Bonham: It is for the purpose of showing, if your Honor please, that the parties, when they left this court room, had not reached an agreement about this case; that they were still trying to make an agreement.

"The Court: You notified the Court you had made an agreement, and had the Court make the order.

"Mr. Bonham: Yes, sir, we thought we had; that's true, we thought we had.

"The Court: That's all I know, what you said.

"Mr. Bonham: Yes, sir, we notified the Court we had made an agreement, and in that connection, I think we didn't notify the Court what the agreement was.

"The Court: No, I tried to get you all to make a statement and you wouldn't do it, you made that notation.

"Mr. Bonham: Yes, sir, there wasn't any statement made to the Court about what the agreement was.

"The Court: I tried to get you all to make the statement, but that's all you made. If you had made the statement at that time and I had made a notation of it, it would have saved all this. I would have known it, if you all had stated it to me. I started to put it in there and you all said no, just make this general notation by agreement."

■ In view of the fact that the notation made upon the docket falls entirely short of being within itself a sufficient record of an agreement, if any, the result is exactly the same as if no record had been made, and the case of Wyss v. Bookman, 235 S. W. 567, by the Commission of Appeals, in which the Supreme Court approved the opinion, is directly and decisively in point. After quoting District Court Rule No. 47, which is to the effect that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in

writing, signed and filed with the papers as a part of the record, or unless it be made in open court and entered of record," the court said:

"The purpose of this rule in evident, and its wisdom will be readily conceded. Agreements of counsel in the course of a judicial proceeding which affect the interests of their clients should not be left to the fallibility of human recollection. This is especially true with reference to agreed judgments which finally dispose of the rights of the litigants. If we give full force to the recitals by the judge in his own 'statement of facts,' it appears that the parties in open court, by their counsel, on June 14th announced the general terms of an agreement they had arrived at, and that they were preparing a statement of facts and decree which, when agreed upon by them, the judge would be authorized to enter as the judgment in the case. No record entry appears to have been made of this announcement, so far as the transcript shows, and we must presume that the transcript contains a complete record of the case, as the certificate recites. We think this announcement in open court fell short of a final agreement for judgment in that it left open for agreement among the parties the terms in which the decree should be couched, and therefore was lacking in that finality which, to our mind, is essential to every agreement. To constitute an enforceable agreement for judgment, there should be left nothing for adjustment between the parties relating to the subject-matter of the agreement. *Until all the terms of a final judgment have been definitely agreed upon by all parties and those terms either reduced to writing or placed of record, as required by the above quoted rule, we think the court was without power to render a judgment by agreement.*"

In the present case the agreed judgment, if actually orally consummated, was not announced in all of its essential details in open court, and was not "entered of record." This is manifest from the wide discrepancy between the notation and the judgment tendered for entry, which contained many terms as to notes, amounts, dates, interest, property, etc., not mentioned in the notation upon the docket, and which had to be supplied from testimony which in some particulars was conflicting and contradictory.

The judgments of the Court of Civil Appeals and of the district court are reversed, and the cause is remanded for disposition on the merits.

Opinion adopted by the Supreme Court, January 25, 1939.