**PARK v. ROBERTS et ux.**

No. 5947.

Court of Civil Appeals of Texas. Amarillo.
Feb. 21, 1949.

Rehearing Denied March 28, 1949.

C. B. Bourne, Jr., of Dumas, and King Fike, of Delhart, for appellant.

Eli Willis and H. G. Bennet, both of Dumas, for appellees.

STOKES, Justice.

This suit, in the nature of trespass to try title to a town lot and building located in the town of Dumas, was filed by appellee, W. M. Roberts, against appellant, Roy W. Park, on May 5, 1948. Appellant answered by general denial, plea of not guilty and specially alleged that he was occupying the premises under a written lease of date January 9, 1947, and expiring January 15, 1949. Appellee filed a supplemental petition in which he alleged that the lease contract had been violated by appellant; that he had cut a hole in the roof of the building and thereby damaged the same; that he had added a porch to the west side of the building; and that he had undertaken to re-decorate the interior of the building and had destroyed a fine finish that appellee had placed upon the walls a short time before the execution of the written lease. He alleged that these things had been done by appellant without consulting appellee or procuring his consent. On September 10, 1948, appellee filed what he termed a supplemental petition, but which was, in effect, a motion for judgment against appellant upon the ground that, on the 19th of June, 1948, after the pleadings had all been filed and the cause set down for trial on that date, appellant, acting in person and through his attorney, in open court, entered into a compromise agreement for the settlement of the controversy in which he agreed to give appellee possession of the property by August 31, 1948, if appellee would not further disturb him in his possession of the premises until that date. According to his allegations, it was further agreed between them that, if appellant gave up possession of the premises by August 31, 1948, and paid the rental to that date, the case would be dismissed; but, if he failed to do so, judgment may be entered dispossessing him. He alleged further that he had fully carried out his part of the agreement and permitted appellant to remain in possession of the premises to August 31, 1948, but that appellant had wholly failed to give possession thereof and he prayed for a judgment in accordance with the alleged agreement.

Appellant answered the motion for judgment by alleging that the purported agreement was not entered into freely and voluntarily by him, but was the result of duress and coercion; that it was without consideration; that it was not in writing nor signed and filed with the papers in the case; nor was it made in open court and entered of record in the cause, as required by Rule No. 11, Texas Rules of Civil Procedure.

The case was called for trial on September 13, 1948, and the court proceeded to try it upon the allegations of appellee's motion for judgment upon the agreement. The court concluded, after hearing the evidence, that the question presented was one of law and that the appellee ought to recover. It decreed therefore that appellee recover the title and possession of the premises sued for; that a writ of restitution issue; and that the cost be taxed against the appellant.

Appellant presents the case in this court for review and contends the judgment should be reversed because it was not shown that any agreement entered into by the parties was signed by them and filed as a part of the record in the case, nor was such agreement made in open court and entered of record as required by Rule No. 11, T.R.C.P.

The rule provides that no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record. According to the allegations of appellee, the agreement entered into between him and the appellant was in effect an agreement for

judgment. It provided that if·appellant complied with his part of it, the suit would be dismissed; but, if he did not give up possession according to his agreement, judgment would be entered dispossessing him.

▇ No statement of facts accompanies the record and we are therefore relegated to the transcript alone to ascertain the nature of the trial. There is no showing in the transcript and no contention made by appellee that the alleged agreement was in writing and signed by the parties, nor that it was filed with the papers as part of the ·record in the case, nor that it was entered of record after having been made in open court. Appellee alleged it was made in open court but there is no specific finding by the court to that effect. Even if it was made in open court, however, there is no contention nor even an allegation that the terms and provisions of the judgment were set out in the agreement which appellee alleged was made in open court. For such an agreement to constitute a binding stipulation for judgment, nothing should be left for an adjustment between the parties relating to the subject matter. Unless all of the terms of the final judgment are definitely agreed upon by all the parties, and its terms reduced to writing or placed of record, as required by Rule No. 11, T.R.C.P., the court is without power to render a judgment thereon. Matthews v. Looney, 132 Tex. 313, 123 S.W.2d 871; Behrens·v. Behrens, Tex.Civ.App., 186 S.W.2d 697; Wyss v. Bookman, Tex.Com.App., 235 S.W. 567.

In the case of Matthews v. Looney, supra,. the parties and their attorneys appeared in court on the second day of the trial and announced that they had agreed upon a settlement of the issues involved in the case. The trial court thereupon entered upon the docket, "judgment by agreement probating will fixing lien on property in favor of contestants and intervenors, as per decree." The attorneys then began their efforts to draw the decree in accordance with the agreement but minor differences arose between them and they were unable to agree upon all of the terms that should be included in it. At a subsequent term of the court some of the parties to the litigation filed a motion to have judgment entered in accordance with the agreement·of the parties in open court. An extensive hearing upon the motion was conducted, following which the court granted the motion and entered judgment in the form as originally drafted by the attorneys for some of the parties. An appeal was taken to the Court of Civil Appeals and that court held that the hearing upon the motion presented a question of fact as to what the judgment was and whether the decree was the particular judgment agreed upon by the parties and, the trial court having found that it was, the court was authorized to enter it as the final judgment in the case, and the judgment of the trial court was affirmed. Tex.Civ.App., 100 S.W.2d 1061. It was further held that the holding of the Supreme Court in the case of Wyss v. Bookman, supra, was not applicable because, in the Wyss case, no record entry was made of the announcement in open court that the parties had arrived at an agreed settlement. A writ of error was granted by the Supreme Court in the Matthews case and the judgments of the Court of Civil Appeals and the trial court were ·reversed. The opinion was written by Judge German of the Commission of Appeals and adopted by the Supreme Court. In the course of the opinion the court said [132 Tex. 313, 123 S.W.2d 873]: "We think this announcement in open court fell short of a final agreement for judgment, in that it left open for agreement among the parties the terms in which the decree should· be couched, and therefore was lacking in that finality which, to our mind, is essential to every agreement. To constitute an ·enforceable agreement for judgment, there should be left nothing for adjustment between the parties relating to the subject-matter of the agreement. Until all the terms of a final judgment have been definitely agreed upon by all parties and those terms .either reduced to· writing or placed of record, as required by the above-quoted rule, we think the court was without power to render a judgment by agreement."

▇ Our conclusion is that, since the alleged agreement dealt with the kind.of judgment that should be entered by the court upon contingencies, and it was not in writing, signed or filed with the papers as

part of the record in the case nor was it entered of record in any way, the court was without power to render a judgment based upon it. The judgment will therefore be reversed and the cause remanded.