**Carol Lynn McINTYRE (formerly Carol Lynn McFarland), Appellant,**

v.

**Bill Thomas McFARLAND, Appellee.**

No. 881.

Court of Civil Appeals of Texas, Tyler.

Nov. 13, 1975.

Frank B. Murchison, Paxton, Whitaker & Parsons, James N. Parsons, III, Palestine, for appellant.

R. E. Swift, Palestine, for appellee.

MOORE, Justice.

This is an appeal from what purports to be an agreed judgment.

On October 18, 1974, appellant, Carol Lynn McFarland McIntyre, filed a contempt motion seeking to have appellee, Bill Thomas McFarland, held in contempt for failure to pay child support, and asking for an increase of such child support. Appellee answered and filed a cross-motion for contempt for failure to allow reasonable visitation rights and additionally requested an expansion of his visitation rights. The suit was consolidated with one filed by appellee's parents seeking visitation rights as grandparents and the consolidated case was set for a January 17, 1975, hearing.

When the case was called for trial, all the parties appeared and announced ready and then with the court's permission retired to a jury room for the purpose of discussing a settlement. Later the parties returned to the courtroom and announced to the trial judge that a settlement agreement had been reached. The terms of the settlement agreement were orally stated to the judge in open court by the attorneys. It is undisputed that the court reporter was not present and no record was made of the agreement of the parties. It is also without dispute that the settlement agreement was not reduced to writing and filed with the clerk as part of the record. Sometime later appellee's attorney sent a copy of the proposed judgment to appellant's attorney who refused to sign it because it did not accurately reflect his version of the prior oral settlement.

Thereafter, on April 25, 1975, appellee filed a motion for judgment. A hearing was held on May 19, 1975, at which appellee and his parents testified that the proposed judgment accurately reflected the prior oral settlement agreed to by the parties on January 17, 1975. Appellant offered no testimony at the hearing, but her attorney indicated to the judge that the proposed judg-

ment did not accurately reflect the prior oral settlement and thus appellant made it known that she would not consent to the court's entry of judgment. After the hearing the judge granted appellee's motion for judgment and entered the judgment proposed by appellee which recites that the judgment was rendered January 17, 1975, the date the parties announced their settlement agreement to the court. Appellant excepted to its entry and perfected this appeal.

Appellant seeks a reversal contending that the trial court erred in rendering judgment on a purported agreement between the parties because the agreement was not in writing nor made in open court and entered of record as required by Rule 11, T.R.C.P. We sustain the contention and reverse and remand the cause.

Rule 11, Texas Rules of Civil Procedure, provides:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

To constitute a binding agreement for judgment under Rule 11, the agreement must be in writing, signed and filed with the papers as part of the record, or its terms must be announced in open court and entered of record. *Behrens v. Behrens,* 186 S.W.2d 697, 699 (Tex.Civ.App.-Austin 1945, no writ). It is apparent from the record that at the time the trial judge rendered the judgment in question, the proposed settlement agreement of the parties had neither been reduced to writing and filed with the papers as part of the record, nor was it made in open court and entered of record. The fact that the parties announced in open court that they had reached an agreement, and outlined the terms of the agreement with the trial judge, was not sufficient to support the judgment entered. *Cureton v. Robbins,* 319 S.W.2d 735, 737 (Tex.Civ.App.-San Antonio 1958, no writ). It is well settled that until all the terms of a judgment have been definitely agreed upon by all the parties and those terms are either reduced to writing, signed and made a part of the record or made in open court and entered of record, the court is not authorized to render a judgment by agreement. *Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871, 873 (Tex.Comm.App.1939, opinion adopted); *Owen v. Finigan,* 381 S.W.2d 578, 579 (Tex. Civ.App.-Eastland 1964, writ ref'd n. r. e.). Since the procedure required by Rule 11 was not complied with, the trial judge was without authority to render judgment.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.