NO. 07-05-0337-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 8, 2005



______________________________



IN THE MATTER OF D.L.C.


_________________________________



FROM THE COUNTY COURT OF SWISHER COUNTY;



NO. 387; HONORABLE HAROLD KEETER, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant D.L.C., a juvenile, appeals the trial court's Order of Adjudication and
Disposition (TYC Committment) which found that D.L.C. had engaged in delinquent
conduct and placed him with the Texas Youth Commission for an indeterminate sentence
not to exceed his 21st birthday. D.L.C. timely filed a notice of appeal on September 23,
2005. By letter, dated September 26, this court notified D.L.C. that the $125 filing fee had
not been paid. In response, on October 10, D.L.C. filed with this court Appellant's Motion
for Extension of Time to File Appeal Fee and an Affidavit of Inability to Pay Costs.

 Section 56.01(b) of the Texas Family Code provides that the requirements
governing a juvenile appeal are as in civil cases generally. Tex. Fam. Code Ann. § 56.01(b)
(Vernon 2002). Texas Rule of Appellate Procedure 20.1(c)(1) and (3) (1) requires that an
affidavit of indigence be filed in the trial court with or before the notice of appeal, but allows
the appellate court to extend the deadline if, within 15 days of the filing of the notice of
appeal, the appellant files a motion to extend time that complies with Rule 10.5(b). Were
this a regular appeal, we would be compelled to find that, because appellant had failed to
comply with Rule 20.1(c)(1) and (3), he was not entitled to proceed on appeal without
advance payment of costs. See Holt v. F.F. Enters., 990 S.W.2d 756, 759
(Tex.App.-Amarillo 1998, pet. denied). However, the Texas Supreme Court has held that
Rule 20.1 does not apply to appeals under the Juvenile Justice Code. See In the Matter
of K.C.A., 36 S.W.3d 501, 502 (Tex. 2000). Rather, the provisions of the Texas Family
Code apply and a finding of indigence can be predicated on either a hearing or an affidavit
by the child's parent. Id. at 503. The appropriate forum for such a determination is the trial
court. In the Matter of L.P., 51 S.W.3d 855, 855 (Tex.App.-Houston [1st Dist.] 2001, no
pet.) (citing In the Matter of K.C.A., 36 S.W.3d at 503).

 Therefore, we abate the appeal and remand the matter to the trial court. Upon
remand, the judge of the court shall immediately cause notice to be given of and conduct
a hearing to determine whether the juvenile is indigent.

 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. These supplemental records shall be submitted to the clerk of this court
no later than December 5, 2005.


 Per Curiam



1. Further reference to Texas Rules of Appellate Procedure will be by reference to
"Rule __."


 appealable." (Emphasis added). Given the
trial court's use of each word or phrase italicized, we cannot but hold that the trial court
intended to render an appealable judgment and actually disposed of all claims and parties. 
Thus, the "Final Summary Judgment" indeed was final. 

 Issue Two - Render an Agreed Summary Judgment

 Next, the Clients allege that a summary judgment cannot be rendered by agreement
if the terms of Rule 11 are unsatisfied. And, because those terms were not met at bar, the
trial court erred in purporting to render the judgment upon the agreement of the parties. 
We sustain the issue.

 Rule 11 of the Texas Rules of Civil Procedure states that "[u]nless otherwise
provided in these rules, no agreement between attorneys or parties touching any suit
pending will be enforced unless it be in writing, signed and filed with the papers as part of
the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. 
Moreover, until all the terms of a judgment have been definitely agreed upon by all the
parties and those terms are either reduced to writing, signed, and made a part of the record
or made in open court and entered of record, the trial court is not authorized to render a
judgment by agreement. Matthews v. Looney, 132 Tex. 313, 123 S.W.2d 871, 873 (1939); 
McIntyre v. McFarland, 529 S.W.2d 857, 859 (Tex. Civ. App.-Tyler 1975, no writ). The
purpose of these rules is to remove from "the fallibility of human recollection" agreements
of counsel which affect the interests of their clients. Matthews v. Looney, 123 S.W.2d at
873, quoting, Wyss v. Bookman, 235 S.W. 567 (Tex. Comm'n App. 1921) (judgm't
adopted). And, that purpose is no less applicable here.

 The record before us illustrates that the trial court granted the Attorneys' motion for
summary judgment not due to its merit but because counsel for the Clients allegedly
agreed, at the hearing on said motion, that summary judgment was proper. (3) Furthermore,
the agreement was neither written nor entered of record. Instead, the trial court was left
to reconstruct it based upon his memory. So, given the absence of any written record of
the accord and its propensity to touch the suit, the trial court lacked authority to act upon
it. And, because that unrecorded agreement formed the basis of its decision to grant
summary judgment, entry of the judgment was impermissible under Rule 11, Matthews,
and McIntyre.

 Our disposition of issue two relieves us from having to consider the remaining issues
raised by the Clients. Accordingly, we reverse the final summary judgment and remand the
cause to the trial court.


 Brian Quinn

 Chief Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2006). 
2. We note that in referring to the claims being denied, the decree simply stated "plaintiff" in the singular. 
However, we view this as a typographical error given the trial court's reference to "plaintiffs" plural when
ordering that they "take nothing" and in levying court costs. It, no doubt, intended to use the plural "plaintiffs"
throughout the judgment. 
3. During the hearing, the trial judge candidly admitted that he did not peruse the summary judgment
motion in depth. Rather, he relied upon the alleged agreement between counsel to enter summary judgment.