Reversed and Remanded and Opinion filed January 31, 2006









Reversed and Remanded and Opinion filed January 31,
2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00660-CV

_______________

 

KATY ENGINEER, Appellant

 

V.

 

MIKE ENGINEER, Appellee

_________________________________________

 

On Appeal from 387th District Court

Fort Bend County, Texas

Trial Court Cause No. 109,487

_________________________________________

 

O P I N I O N

 

In
this divorce action, Katy Engineer (AKaty@) appeals the divorce decree (the Adecree@) on the grounds that its property
division:  (1) failed to include certain
requirements contained in the parties= mediated settlement agreement (the Aagreement@); and (2) disregarded portions of
the arbitrator=s award (the Aaward@) without complying with the
statutory requirements for modifying an arbitration award.  We reverse and remand.








Katy=s second and third issues are
dispositive of the appeal.  They contend
that the trial court erred by failing to include in the decree the following
provision of the agreement (the Aalimony provision@), obligating Mike Engineer to pay
the parties= son, Eric, any remaining alimony
payments in the event of Katy=s death:




Taxable contractual alimony from H[usband] (secured by all assets awarded to
H[usband] herein).  $4000 per month for
84 months starting July 1, 2001(1st each month) thereafter until paid.  (If W[ife] deceased - payments to continue
to Eric until paid in full.)

 

(emphasis
added).  Instead, the decree provides
that A[Mike] is ordered to pay as spousal
maintenance the sum of $4,000.00 per month to [Katy] . . . for a total of 84
payments in the amount of $4,000.00 each.@

To
promote the amicable settlement of disputes in a suit for divorce, spouses may
enter into a written agreement concerning the division of the property and the
liabilities of the spouses and maintenance of either spouse.  Tex.
Fam. Code Ann. ' 7.006 (a)-(c) (Vernon 1998). 
If the court finds that the terms of such an agreement are just and
right, those terms are binding on the court. 
Id. ' 7.006(b).  If the
court approves the agreement, the court may set forth the agreement in full or
incorporate it by reference in the final decree.  Id. 
Conversely, if the court finds that the terms of the agreement are not
just and right, it may either request the spouses to submit a revised agreement
or set the case for a contested hearing. 
Id. ' 7.006(c).  Therefore,
a court may either enter a property division agreement in its entirety or
decline to enter it all, but has no discretion to change such an agreement
before entering it.  See Matthews v.
Looney, 132 Tex. 313, 317, 123 S.W.2d 871, 872 (1939).  If an appellate court determines that the
decree contains terms and provisions that were never agreed to by the parties,
it must reverse the judgment and remand the cause.  Keim v. Anderson, 943 S.W.2d 938, 946
(Tex. App.CEl Paso 1997, no writ).








In
this case, the agreement provided that disputes concerning the interpretation
or performance of the agreement would be submitted to binding arbitration with
the mediator.  The trial court=s finding of fact number 14 correctly
describes the alimony provision in the agreement, but finding 22 indicates that
disputes arose between the parties regarding certain (unspecified) terms of the
agreement and that the parties participated in binding arbitration.  Finding 55 states that the trial court did
not conduct a trial on the merits and thus did not make any independent
findings as to the property division. 
The trial court=s conclusion of law number 15 states that the decree
incorporates the agreement as modified and clarified in arbitration and as
thereafter corrected and/or modified by the court upon proper pleadings and
proof.

However,
the alimony provision in the decree differs from that in the agreement, and the
December 4, 2001 arbitration award that was incorporated into the decree does
not address the alimony provision.  Even
though the alimony provision in the agreement is ambiguous,[1]
the Family Code does not, as outlined above, authorize a court to modify an
agreement (to resolve ambiguities or otherwise) before incorporating it into a
decree.[2]
Accordingly, we sustain Katy=s second and third points of error and need not address her
other challenges to the decree.  The
judgment of the trial court is reversed and the case is remanded to the trial
court for further proceedings.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed January 31, 2006.

Panel consists of
Justices Yates, Edelman, and Guzman.

 

 











[1]           For
federal income tax purposes, alimony payments are included in the income of the
payee and deductible from the income of the payor if, among other things, Athere is no liability to make any such payment for any
period after the death of the payee spouse and there is no liability to make
any payment (in cash or property) as a substitute for such payments after the
death of the payee spouse.@  26 U.S.C.A. '' 71(b)(1)(D), 215(b) (West 2002).  In this case, the alimony provision in the
agreement is contradictory in purporting to make the alimony taxable to Katy by
referring to it as ATaxable contractual alimony,@ while precluding such tax treatment under section
71(b) by obligating Mike to make any remaining payments to Eric after Katy=s death.





[2]           Even after
a property division agreement has been incorporated into a decree, a court may only
clarify it for greater specificity, but not substantive change.  See Tex.
Fam. Code Ann. '' 9.006(a), (b), 9.007(a), (b), 9.008(b) (Vernon
1998).  Although an agreement may sometimes
be revised by the parties before rendition of the divorce, there is no
allegation that the parties agreed to the change in the alimony provision in
this case.  See id. ' 7.006(a).