NO. 07-04-0525-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 12, 2006
_____

FLOYD TUTSON, et al.,

Appellants

v.

TOM UPCHURCH, JR., TOM UPCHURCH, JR. & ASSOCIATES,
AND WAYNE BARFIELD,

Appellees
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 79,998-A; HON. JOHN T. FORBIS, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Floyd Tutson, Stacie Lynn Reeves, Donna Gordy, Paula Burns, Al Brady Burns, Naomi Cornelison, Gertrude Davenport, Becky Hobson, Gwendolyn Smith Williams and her son, Doug Pyle, Catherine Patricia Anthony, Carolyn Hood (Cowan), JoJean Hobson, Jose G. Romo, and Collin Fowler (collectively referred to as the Clients) appeal from a "Final

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2006).

Summary Judgment" denying them recovery against Tom Upchurch, Jr., Tom Upchurch, Jr. & Associates, and Wayne Barfield (collectively referred to as the Attorneys). Four issues appear before us. Under the first, the Clients assert that the summary judgment is not final. Next, they contend that a summary judgment cannot be entered by agreement. And, in their third and fourth issues, they aver that the trial court erred in granting summary judgment. We reverse the judgment.

*Issue One – Finality of the Judgment*

The Clients initially assert that we lack jurisdiction over the appeal since the "Final Summary Judgment" signed by the trial court actually was not final. Furthermore, the decree was not final because 1) the grounds for summary judgment alleged in the various motions (and evidence supporting them) did not encompass all claims and all parties and 2) not all the plaintiffs were specifically named in the decree. We overrule the issue.

Regarding the first proposition, that the trial court enters summary judgment upon claims outside the scope of the summary judgment motion does not render the summary judgment interlocutory. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (stating that if a defendant moves for a summary judgment on one of four causes of action "but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final – erroneous, but final"). As for the second allegation, to be final, a judgment need not be in any particular form. *Id.* at 195. Instead, it need only dispose of all pending parties and claims. *Id.* Here, each claimant and claim was not expressly named or itemized in the judgment. Nonetheless, the trial court "ORDERED that plaintiffs take nothing against defendants, that *all claims* asserted by plaintiff are denied, and that

2

all costs of court be taxed against plaintiffs."[2] (Emphasis added). So too did it state that "[*a*]*ll* relief requested in this case and not expressly granted is denied" and "[t]his judgment finally disposes of *all* parties and claims and *is appealable*." (Emphasis added). Given the trial court's use of each word or phrase italicized, we cannot but hold that the trial court intended to render an appealable judgment and actually disposed of all claims and parties. Thus, the "Final Summary Judgment" indeed was final.

*Issue Two – Render an Agreed Summary Judgment*

Next, the Clients allege that a summary judgment cannot be rendered by agreement if the terms of Rule 11 are unsatisfied. And, because those terms were not met at bar, the trial court erred in purporting to render the judgment upon the agreement of the parties. We sustain the issue.

Rule 11 of the Texas Rules of Civil Procedure states that "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. Moreover, until all the terms of a judgment have been definitely agreed upon by all the parties and those terms are either reduced to writing, signed, and made a part of the record or made in open court and entered of record, the trial court is not authorized to render a judgment by agreement. *Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871, 873 (1939); *McIntyre v. McFarland*, 529 S.W.2d 857, 859 (Tex. Civ. App.–Tyler 1975, no writ). The

---

[2]We note that in referring to the claims being denied, the decree simply stated "plaintiff" in the singular. However, we view this as a typographical error given the trial court's reference to "plaintiffs" plural when ordering that they "take nothing" and in levying court costs. It, no doubt, intended to use the plural "plaintiffs" throughout the judgment.

purpose of these rules is to remove from "the fallibility of human recollection" agreements of counsel which affect the interests of their clients. *Matthews v. Looney*, 123 S.W.2d at 873, *quoting, Wyss v. Bookman*, 235 S.W. 567 (Tex. Comm'n App. 1921) (judgm't adopted). And, that purpose is no less applicable here.

The record before us illustrates that the trial court granted the Attorneys' motion for summary judgment not due to its merit but because counsel for the Clients allegedly agreed, at the hearing on said motion, that summary judgment was proper.[3] Furthermore, the agreement was neither written nor entered of record. Instead, the trial court was left to reconstruct it based upon his memory. So, given the absence of any written record of the accord and its propensity to touch the suit, the trial court lacked authority to act upon it. And, because that unrecorded agreement formed the basis of its decision to grant summary judgment, entry of the judgment was impermissible under Rule 11, *Matthews,* and *McIntyre*.

Our disposition of issue two relieves us from having to consider the remaining issues raised by the Clients. Accordingly, we reverse the final summary judgment and remand the cause to the trial court.

Brian Quinn
Chief Justice

---

[3]During the hearing, the trial judge candidly admitted that he did not peruse the summary judgment motion in depth. Rather, he relied upon the alleged agreement between counsel to enter summary judgment.