**Opinion filed March 26, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00152-CV

_____

## DOUGLAS L. BAKER, Appellant

## V.

## RHONDA HERTEL, Appellee

**On Appeal from the 50th District Court**
**Baylor County, Texas**
**Trial Court Cause No. 10,626**

## M E M O R A N D U M   O P I N I O N

This appeal arises out of an order on modification of child support. Following the parties' agreement, the trial court ordered Douglas L. Baker, Appellant, to pay retroactive child support and arrears by wage withholding and to pay future medical costs. Appellant challenges the order in three issues. We affirm.

## I. *Background Facts and Procedural History*

Appellant and Appellee, Rhonda Hertel, divorced in February 2005; they had three children. Appellee petitioned to modify the divorce decree in August 2010.[1] The trial court held a hearing on the petition to modify in May 2012, and Appellee's counsel stated on the record that Appellant and Appellee had come to an agreement for child support. Appellee's counsel subsequently stated that the total "arrearage" was $17,492.50, which Appellant would pay from "withholding from his pension," and that Appellant would "pay one-half of [T.B.'s] braces, one-half of any future medical expenses. . . . And one-half of any insurance premiums until [T.B.] is age 21." The trial court asked Appellant if that was his agreement, and Appellant responded, "Yes, Your Honor, it is."

Appellant subsequently testified that the agreement that Appellee's counsel had read into the record was correct and that he had "agreed to that order." Appellant testified that he would provide his retirement information to Appellee's counsel for the wage-withholding order. The trial court incorporated "the agreement of the parties as the order of the Court" at the hearing on the motion to modify. The court signed the order and entered judgment in February 2013. Appellant moved for a new trial in March 2013, which the trial court denied, and Appellant subsequently appealed.

## II. *Issues Presented*

Appellant asserts that the trial court erred by ordering him to pay medical support past his child's eighteenth birthday, by using the term "order" rather than

---

[1]The parties were originally divorced in Wichita County. Appellant's modification motion was originally filed in Wichita County, but the case was transferred to Baylor County where Appellee and the children resided.

"judgment," and by incorporating his agreement with Appellee into the child support order.[2]

## III. *Standard of Review*

We review a trial court's order of child support for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## IV. *Analysis*

### A. *Post-Majority Support*

Parents may agree to support a child past the child's eighteenth birthday. *See Bruni v. Bruni*, 924 S.W.2d 366, 367 (Tex. 1996). Appellant did not disagree with, or object to, any of the terms of his agreement to pay future medical support past T.B.'s eighteenth birthday before the trial court incorporated the agreement into its order and entered judgment. The trial court did not abuse its discretion by ordering Appellant to pay medical support past T.B.'s eighteenth birthday. *See id.* We overrule Appellant's first issue.

### B. *Nomenclature*

Appellant's briefing on whether the trial court's modification order should be a "judgment" or an "order" lacks substantive analysis and citation to legal authority or the record. *See Rough Creek Lodge Operating, L.P. v. Double K Homes, Inc.*, 278 S.W.3d 501, 508 (Tex. App.—Eastland 2009, no pet.) (explaining that TEX. R. APP. P. 38.1(i) "requires a specific argument and analysis showing that the record and the law support the contention"). Because he has failed to show that the record and the law support his argument, Appellant has

---

[2]We note that, in his brief, Appellant presented five issues but argued only four issues and that, in his reply brief, Appellant expressly abandoned one of the four issues. We address the remaining three issues in this opinion.

waived any complaint that he may have had regarding the title of the modification order. *See* TEX. R. APP. P. 38.1(i). We overrule Appellant's second issue.

### C. Incorporation of Agreement

Rule 11 of the Texas Rules of Civil Procedure requires all agreements between attorneys or parties to be in writing "unless it be made in open court and entered of record." TEX. R. CIV. P. 11. Thus, Rule 11 is satisfied when parties state the terms of an oral agreement on the record at a hearing. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 793 (Tex. 2005); *cf. In re N.L.V.*, No. 04-09-00640-CV, 2011 WL 1734228, at *4 (Tex. App.—San Antonio May 4, 2011, no pet.) (mem. op.) (holding that, because no written agreement was in the record and no oral agreement was recorded at trial, parties' agreement that father would make support payments past the child's eighteenth birthday was unenforceable); *McIntyre v. McFarland*, 529 S.W.2d 857, 858 (Tex. App.—Tyler 1975, no writ) (holding that, even though parties stated that they reached agreement and outlined the terms in open court, because no reporter's record was made of oral agreement, the trial judge erred by incorporating the agreement into the judgment).

Appellant and Appellee made an oral agreement outside of court and subsequently announced the agreement and stated the terms at a hearing on the record, thus satisfying the Rule 11 requirement. *See* TEX. R. CIV. P. 11; *Michiana*, 168 S.W.3d at 793. The trial court did not abuse its discretion by incorporating the parties' agreement into the order. *See* TEX. R. CIV. P. 11. We overrule Appellant's third issue.

### D. Issues in Reply Brief

Appellant raises additional issues for the first time in his reply brief. Appellant has waived these issues, and we will not consider them. *See Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex. 1996); *Hutchison v.*

4

*Pharris*, 158 S.W.3d 554, 563–64 (Tex. App.—Fort Worth 2005, no pet.); *Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler 2004, no pet.).

### E. Sanctions

Appellee requests sanctions against Appellant for filing a frivolous appeal. *See* TEX. R. APP. P. 45. Although we are of the opinion that Appellant's issues lack merit, we do not believe that the appeal is frivolous. *See Methodist Hosp. v. Shepherd-Sherman*, 296 S.W.3d 193, 200 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

### V. *This Court's Ruling*

We affirm the order of the trial court.


MIKE WILLSON

JUSTICE


March 26, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.