Carol L. KARTCHNER, Appellant,

v.

Kelvin L. KARTCHNER, Appellee.

No. 13–85–523–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 20, 1986.

Wanda Roberts, Garner, Roberts & Pierce, Port Lavaca, for appellant.

Charles Hood, James A. Smith, Port Lavaca, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from an action brought by appellee for specific performance of a divorce decree and/or parol property settlement agreement (PSA), entered into by the parties incident to divorce.

According to the trial court's findings of fact,[1] the parties were married in 1978 and divorced in 1981. Incident to divorce, appellant orally agreed to deed appellee her community interest in certain realty located in Calhoun County, in exchange for certain personalty, and appellee's agreement to pay appellant's mother a community debt in the amount of eight thousand dollars. Appellee paid the eight thousand dollars before the divorce decree was granted, but appellant refused to convey her interest in the realty. Not all the personalty of the oral PSA was delivered by appellant.

The trial court found that: (1) the PSA was never reduced to writing; (2) there was no written agreement of any kind between the parties for the conveyance of the real property; and (3) the Divorce Decree makes no express disposition of either the realty or personalty, nor does it set forth, describe, or incorporate by reference the parol PSA.

The trial court also found, however, that appellant breached the PSA by failing to convey her interest in the real property to appellee, and concluded that although the Divorce Decree does not expressly divide the real property, nor recite or incorporate the PSA, the agreement is nonetheless valid and enforceable. The court ordered appellant to execute a deed conveying her interest in the real property to appellee, and adjudged costs against appellant. We find the PSA invalid and reverse the judgment of the trial court.

Appellant brings six points of error.

By her fifth and sixth points, appellant urges that the trial court erred in finding that the parties entered into a valid and enforceable agreement disposing of her community property interest in the real property in question, and erred in enforcing such agreement, because the agreement was not reduced to writing and signed by the parties as required by Tex.Fam.Code Ann. § 5.42(a) (Vernon 1974).[2]

■ The Divorce Decree, signed and entered on March 30, 1981, states as follows:

> The Court finds that the parties have entered into an agreement for the division of their community property and that said property is in their possession.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that each party take as her or his sole and separate property all such property presently in her or his possession.

This section of the Divorce Decree is the sole reference to an agreement. As noted by the findings of fact, the PSA was never reduced to writing. The basis of the trial court's judgment, therefore, was its determination that a parol exchange of property was agreed to by the parties. However, in the case of a partition or exchange of community property, an agreement must be in writing and subscribed by both parties. Tex.Fam.Code Ann. § 5.44 (Vernon Supp. 1986). Absent compliance with the statute, any agreement is unenforceable. *Recio v. Recio*, 666 S.W.2d 645, 649 (Tex.App.—Corpus Christi 1984, no writ). Here the community real property was neither specifically identified, nor was it properly incorporated by an enforceable property settlement agreement. Appellant's fifth and sixth points of error are sustained. We need not consider appellant's other points of error.

---

1. No record of the original divorce proceeding was filed with the record on appeal, but a statement of facts of the hearing of July 9, 1985, upon which this appeal is predicated, was filed. Findings of fact and conclusions of law were also requested and filed.

2. Tex.Fam.Code Ann. § 5.42(a) has been recodified as Tex.Fam.Code Ann. § 5.44 (Vernon Supp.1986).

In a decree of divorce, the trial court must order a division of the community estate of the parties. Tex.Fam.Code Ann. § 3.63 (Vernon 1981). The division may be accomplished in three ways: (1) the trial court is authorized, on granting a divorce, to partition the estate of the parties; (2) a property settlement agreement may be set forth in the decree; or (3) a property settlement agreement may be incorporated by reference in the decree. *Eagle Lumber Company v. Trainham,* 365 S.W.2d 702, 704 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.); Tex.Fam.Code Ann. § 3.631 (Vernon Supp.1986).

In this case, the trial court did not effectively divide the real property of the parties in the decree of divorce. When a decree fails to dispose of community property, the husband and wife become tenants in common of the property. *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970). Likewise, it is the rule in Texas that a partition of such former community property is the proper means of dividing property between tenants in common. *Allison v. Allison,* 700 S.W.2d 914, 915 (Tex.1985); *Harrell v. Harrell,* 692 S.W.2d 876 (Tex.1985). Since there was no enforceable PSA, and the trial court judgment was based on an unenforceable agreement, the parties hold their community property as tenants in common. To allow specific performance of an invalid PSA where there is a dispute over whether or not there had been compliance or substantial compliance with the same flies into the face of the requirements set forth in the Texas Family Code. The requirements set forth in Tex.Fam.Code Ann. § 5.42(a) (Vernon 1974) were obviously an attempt not only to require more specific delineation of the property awarded to the divorcing parties but also to avoid the type of swearing matches involved in this dispute. We therefore REVERSE and REMAND this case to the trial court for a partition of the community estate of the parties. *Trader v. Trader,* 531 S.W.2d 189 (Tex.Civ.App.—San Antonio 1975, writ dism'd).