Jeffrey Reynald KEIM, Appellant,

v.

Kathleen C. ANDERSON, Appellee.

Kathleen C. ANDERSON, Appellant,

v.

Jeffrey Reynald KEIM, Appellee.

No. 08–96–00004–CV.

Court of Appeals of Texas,
El Paso.

April 3, 1997.

Mary C. Baker, Law Offices of Keith C. Gorman, El Paso, for Kathleen C. Anderson.

Jesus E. Tirrez, Diaz, Tirrez, Martinez & Associates, Austin, for Jeffrey Reynald Keim.

Mitzi T. Shannon, Kemp, Smith, Duncan & Hammond, P.C., El Paso, for Interested Party Carol Williams Keim.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

Two separate appeals have been perfected from the final decree of divorce entered by the trial court below. By two points of error, Dr. Jeffrey Keim challenges the portion of the divorce decree reducing to judgment the trial court's order of interim attorney's fees to Kathleen C. Anderson. Anderson challenges the same judgment on the ground that the court denied her request for attorney's fees incurred in connection with bringing the petition in intervention. We reverse and remand.

## FACTUAL SUMMARY

On February 17, 1994, Dr. Keim filed an original petition for divorce from Carol Williams Keim. Mrs. Keim retained Anderson to represent her. Temporary Orders were entered on June 29, 1994. Following discovery disputes and Dr. Keim's request for a jury trial[1], Anderson filed on behalf of Mrs. Keim, motions for sanctions and interim attorney's fees. At a hearing in March of 1995, the trial court granted both motions and ordered Dr. Keim to pay to Anderson attorney's fees of $1,050, related to the discovery disputes, and interim attorney's fees in the amount of $5,000.[2] The interim fees were to be paid in five install-

ments of $1,000 each. Dr. Keim, however, made only one payment of $1,000.

On June 20, 1995, Anderson withdrew and new counsel was substituted for Mrs. Keim. A mere ten days later, on June 30, 1995, the parties appeared in open court with their attorneys, announced that they had entered into a Rule 11 Stipulation, and filed the written stipulation with the court. Pertinent to the issues before this Court, the written stipulation provided that each party would "pay debts incurred by them during the separation." It referenced neither the June 1994 temporary orders nor the order for interim attorney's fees. It did specify, however, that Dr. Keim would pay $3,500 in attorneys' fees to the firm of Kemp, Smith, Duncan & Hammond, of which Mrs. Keim's newly substituted attorneys were members. During the prove-up of the agreement, both parties testified that they had voluntarily entered into the agreement after consulting with their attorneys. While the testimony detailed the parties' agreements concerning conservatorship, support and the division of assets, no one mentioned the resolution of the temporary orders or the order for interim fees. The trial judge accepted the stipulation and granted the divorce.

Later that same day, Anderson, who was not present at the stipulation hearing, filed a petition in intervention seeking to enforce the trial court's prior order for interim attorney's fees. Dr. Keim did not file an answer to the petition in intervention nor did he file a motion to strike. On July 31, 1995, Mrs. Keim filed a motion for entry of judgment in accordance with the stipulation. A hearing on the intervention and the motion for entry of judgment was conducted on September 8, 1995. Dr. Keim objected to the court's consideration of the intervention, arguing that it was untimely since judgment had been previously rendered. The trial court overruled Dr. Keim's objection and took judicial notice

---

1. The record reflects that Dr. Keim sought a jury trial solely on the issue of fault in the breakup of the marriage.

2. Anderson testified that she had incurred fees and expenses of $5,800 which Mrs. Keim had not

paid. This sum included the $1,050 related to the discovery disputes. As of the date of the hearing, at least $4,750 represented fees incurred for services already rendered.

of the prior hearings and orders. At the conclusion of the hearing, the trial court found that its prior order regarding the award of interim attorney's fees had not been withdrawn by the stipulation and ordered that it would be included in the final decree of divorce. The court denied Anderson's request for attorney's fees in connection with the preparation and filing of the petition in intervention. Thereafter, on September 19, the court entered a written final decree of divorce which contained the following relevant provisions:

1. Dr. Keim would pay all debts incurred solely by him during the separation.

2. Mrs. Keim would pay all debts incurred solely by her during the separation.

3. Dr. Keim would pay to Kemp, Smith, Duncan & Hammond the amount of $3,500 for attorneys' fees incurred on behalf of Mrs. Keim.

4. Any community liability not expressly assumed by a party under the decree would be paid by the party incurring the liability.

5. Dr. and Mrs. Keim were mutually discharged from all liabilities and obligations imposed by the June 29, 1994 Temporary Orders.

As we have previously noted, these latter two provisions did not appear in the Rule 11 Stipulation nor were they the subject of testimony during the prove-up of the agreement. Lastly, the decree added a provision reducing to judgment the prior order that Dr. Keim pay interim attorney's fees to Anderson and awarded judgment to Anderson for the $4,000 balance due. Dr. Keim filed a notice of limitation of appeal and a designation of points on appeal, in compliance with Tex.R.App.P. 40(a)(4) and 53(d). Thereafter, Anderson perfected an independent appeal concerning the trial court's failure to award her attorney's fees for the filing and presentation of the petition in intervention.

In response to Dr. Keim's timely request, the trial court filed its findings of fact and conclusions of law, stating that: (1) the interim attorney's fees were for work performed by Anderson; (2) the Rule 11 agreement did not seek to supersede, waive, or vacate by mutual agreement the prior order awarding interim attorney's fees to Anderson; and (3) the trial court did not supersede, waive, or vacate the order on interim attorney's fees to Anderson. Dr. Keim does not challenge any of these findings on appeal. Nor does he assert as error the fact that the final decree does not comport with, and the trial judge lacked the authority to enter judgment deviating from, the Rule 11 Stipulation. Instead, he assigns as error the trial court's action in considering Anderson's intervention after it had rendered judgment, and the trial court's action in awarding fees to Anderson after she had withdrawn as counsel and abandoned her claim for attorney's fees. We address the second point first.

## ABANDONMENT OF CLAIM

■ Dr. Keim purports to address both points of error together. Indeed, his entire brief of the argument encompasses two paragraphs in roughly one page of text. He contends in Point of Error No. Two that Anderson abandoned her claim for attorney's fees by withdrawing from representation of Mrs. Keim, and therefore, the trial court erred in rendering judgment for Anderson. He provides no argument or authority in support of this point of error. Failure to cite authority in support of a point of error on appeal waives the complaint. *City of El Paso v. Zarate*, 917 S.W.2d 326, 332 (Tex. App.—El Paso 1996, no writ); *Romero v. Parkhill, Smith & Cooper, Inc.*, 881 S.W.2d 522, 529 (Tex.App.—El Paso 1994, writ denied); Tex.R.App.P. 74(f). Point of Error No. Two is overruled.

## CONSIDERATION OF PETITION IN INTERVENTION AFTER ORAL RENDITION OF JUDGMENT

In Point of Error No. One, Dr. Keim asserts, citing *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex.1984); *Comal County*

*Rural High School District No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 956, 957 (1958); and *Central Mutual Insurance Co. v. Dunker,* 799 S.W.2d 334, 336 (Tex.App.—Houston [14th Dist.] 1990, writ denied), that the trial court erred in considering the petition in intervention without first setting aside the judgment that had been orally rendered on June 30, 1995.[3] Anderson asserts that Dr. Keim cannot prevail on appeal because he failed to answer the petition in intervention or file a motion to strike pursuant to Tex. R.Civ.P. 60.

The issues presented are: (1) whether the trial court's oral announcement at the conclusion of the June 30 hearing constitutes a rendition of final judgment within the meaning of *First Alief Bank* and *Comal County;* (2) whether the rule announced in *First Alief Bank* and *Comal County* has application in this case; and if it does; (3) whether the trial court set aside its prior judgment before considering the petition in intervention at the September 8 hearing; and (4) whether Dr. Keim waived this complaint by failing to answer the petition in intervention or file a motion to strike.

### *Was Judgment Orally Rendered at the June 30 Hearing?*

 Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995); *Samples Exterminators v. Samples,* 640 S.W.2d 873, 875 (Tex.1982); *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 59 (Tex.1970). Rendition is distinguishable from the entry of judgment which is a purely ministerial act by

which judgment is made of record and preserved. *Arriaga v. Cavazos,* 880 S.W.2d 830, 833 (Tex.App.—San Antonio 1994, no writ); *Ex parte Gnesoulis,* 525 S.W.2d 205, 209 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed. *S & A Restaurant,* 892 S.W.2d at 858. The judge's intention to render judgment in the future cannot be a present rendition of judgment. *S & A Restaurant,* 892 S.W.2d at 858, *quoting Reese v. Piperi,* 534 S.W.2d 329, 330 (Tex.1976). The rendition of judgment is a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made. *Id.*

At the conclusion of the June 30 proceeding, the trial court stated the following:

> The Court: I have gone through the stipulation. I have the Rule 11 Stipulation. I will grant the divorce as of this time on June 30, 1995. I will accept the stipulation, and I will find also that it is in the best interest of the minor children. I commend both parties for working this out amicably. I think it's much easier on the children this way—I find that almost every time that we go through a contested matter—even though it draws out the emotions of both parents. I hope that you will remember that you have three wonderful children, three children that both of you love, and that you will always keep that in your heart and mind as you deal with them in the future and as you deal with each other. With that this matter will be concluded. Counsel will be excused.

---

**3.** Although Anderson filed her petition in intervention on the same day as the Rule 11 Stipulation hearing, June 30, it appears that she filed the petition sometime after the conclusion of the hearing. Apparently referring to the certificate of service contained at the conclusion of the petition which may be read as either "June 30" or "July 30," Dr. Keim also claims that he was not served with the petition in intervention "until after July 30, 1995." Even if true, this assertion does not benefit Dr. Keim because the rule ap-

plied in *First Alief* and the other cases is concerned with the timing of the petition's filing rather than its service. Moreover, it is undisputed that on June 30, 1995, counsel for Anderson faxed and mailed to Dr. Keim's trial counsel a copy of the petition in intervention along with a letter requesting that he agree to include language in the decree granting the money judgment to Anderson for the previously-awarded interim attorney's fees.

■ These statements indicate an intent to render judgment at the time they were spoken. Therefore, we hold that a final judgment disposing of all of the issues and parties was rendered on June 30, 1995. *Giles v. Giles*, 830 S.W.2d 232, 237 (Tex. App.—Fort Worth 1992, no writ)(judgment was rendered when the trial judge officially pronounced his decision in open court, granted the divorce effective immediately, and approved the parties' settlement agreement). *Compare Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 484 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)(after the parties dictated the terms of a settlement agreement into the record, the trial court approved the settlement and noted on the docket sheet "Judgment to be entered accordingly"; court of appeals found that this notation indicated that further, future action was necessary by the court, and therefore, judgment had not been rendered at the hearing). *See also Dunn v. Dunn*, 439 S.W.2d 830 (Tex. 1969)(oral judgment of divorce which determined that parties were each entitled to 50 percent interest in property and had provided for further proceedings if after prescribed date parties had not agreed on disposition of certain real estate was a final judgment affecting both marital rights and property rights at time of husband's death prior to entry of written judgment; therefore, wife not entitled to dismiss suit); *Louwien v. Dowell*, 534 S.W.2d 421 (Tex.Civ.App.—Dallas 1976, orig. proceeding)(pronouncement by the court from the bench, in dissolution of marriage suit, is effective as rendition of judgment in settlement of rights of the parties, and is valid judgment so long as it is not set aside; trial court has power to set it aside so long as time for filing motion for new trial has not expired).

### *Is the Comal County v. Nelson Rule Applicable to Oral Rendition of Judgment?*

■ Our decision that the judgment orally rendered on June 30, 1995 was a valid and final judgment does not necessarily answer whether the rule announced in *Comal County* and *First Alief Bank* applies. Simply stated, the rule provides that a petition in intervention cannot be filed after judgment unless the court sets aside its prior judgment. Although this rule has usually been applied where a petition in intervention has been filed following the entry of a signed *written* judgment,[4] one case has applied it in the context of an oral rendition of judgment. *Gaines v. Baldwin*, 629 S.W.2d 81, 82 (Tex. App.—Dallas 1981, no writ)(trial court did not err in denying maternal grandparents' motion for intervention and motion for new trial as untimely since they were filed six days after oral rendition of final judgment awarding custody to father of the child). Anderson does not address any of the cases cited by Dr. Keim which apply the rule prohibiting intervention after rendition of judgment. We can perceive of no reason to refuse to apply this rule to the orally rendered judgment in this case.

### *Did the Trial Court Set Aside Its Prior Judgment Before Considering the Petition in Intervention?*

■ When presented with Dr. Keim's objection to the court's consideration of the

---

4. *See e.g., Citizens State Bank of Sealy, Texas v. Caney Investments*, 746 S.W.2d 477, 478 (Tex. 1988)(where petition in intervention was filed approximately one year after judgment was rendered and had become final, the trial court erred in allowing intervention); *First Alief Bank*, 682 S.W.2d at 252 (trial court lacked authority to consider petition in intervention filed eighty-four days after court signed judgment because court no longer had plenary power to modify its judgment); *Comal County*, 314 S.W.2d at 957 (where the order of dismissal entered by the trial court had become final due to failure of respondent-taxpayer to file motion for new trial subject only to the power of the Court within the following thirty days to set the order aside, a petition in intervention could not be filed under TEX.R.CIV.P. 60 unless the district judge set aside his order of dismissal); *Central Mutual Insurance Company*, 799 S.W.2d at 336 (where petition in intervention and motion to set aside judgment were filed twenty-five days after final judgment was signed, and evidentiary hearing was not held until sixty-eight days after signing of the judgment after which the trial court denied the motion to set aside judgment, Rule 60 did not apply and the intervenor never became a party, and consequently, the intervenor's motion to set aside the judgment did not extend time for intervenor to perfect appeal; appeal dismissed).

petition in intervention after rendition of judgment, the trial court simply found the cases presented to it by Dr. Keim inapplicable and proceeded to consider the intervention. Anderson does not dispute Dr. Keim's assertion that the trial court did not set aside its prior judgment before considering the petition in intervention. Generally speaking, an express and specific written order setting aside the prior judgment is required. *See Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex.1993)(stating an order modifying, correcting, or reforming a judgment must be written and signed); *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex.1980)(during the time in which a court may vacate, set aside, modify, or amend its previous order, such action must, to be effective, be by written order that is express and specific)(quoting *Poston Feed Mill Company v. Leyva*, 438 S.W.2d 366, 368 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd)); *Wang v. Hsu*, 899 S.W.2d 409, 412 (Tex.App.—Houston [14th Dist.] 1995, writ denied)(any change made to a judgment must be done in writing; that requirement satisfied where judge wrote by hand on the prior written judgment that she had "set aside" the judgment). These cases presume, however, that the initial judgment was reduced to writing. Here, the first written judgment is the decree from which this appeal springs. Our review of the record indicates that the trial court quite specifically did not set aside the prior rendition:

THE COURT: What I'm going to ask is that, first of all, for counsel to get with the court reporter and to find from the hearing that we did on the Rule 11 matter, from that hearing, to find out if there was an agreement that was stated on the record that the previous $4,000 or $5,000 attorney's fee payment was withdrawn. Because to the best of my knowledge, I do not remember that agreement being in there. I have looked at the Rule 11 Stipulation here. The Rule 11 Stipulation does not say that that was to be withdrawn, and it does not say that the Rule 11 is to get rid of any other orders this Court has made.

. . . . .

THE COURT: There was nothing, no agreement that my previous order was to be withdrawn?

MS. ANDERSON: No sir.

MR. DIAZ: That's not the argument. The argument is when the rendition was made, it did not apply—did not make that provision, and the vehicle, the plea in intervention, is not proper to come in after rendition in open court, to come in and start. That's the argument, Judge.

THE COURT: My prior order of $4,000 then is still applicable. I will order that that is to be placed into the decree. You can take out the word that it is agreed on that, but I will order that the 4,000 attorney's fees be paid. I am not going to order that any additional attorney's fees be paid.

We thus conclude that the trial court did not set aside its prior judgment before considering the petition in intervention.

### Does Dr. Keim's Failure to Answer the Petition or File a Motion to Strike Waive Error?

Anderson contends that Dr. Keim was required to not only answer the petition in intervention, but was also required by TEX. R.CIV.P. 60 to file a motion to strike.[5] She argues that Dr. Keim's failure to do so defeats his claim on appeal because the trial court had no authority to strike the intervention in the absence of a motion requesting this relief. In essence, she argues that Dr. Keim's complaint is waived.

■ Anderson's argument assumes that filing the petition in intervention was suffi-

---

5. Rule 60 provides: Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party. TEX.R.CIV.P. 60.

cient to make her a party to the divorce suit. However, in *Comal County v. Nelson*, the Supreme Court held that a petition in intervention could not be filed after rendition of judgment unless and until the trial court set aside its prior judgment (an order of dismissal), and therefore, Rule 60 was inapplicable. *Comal County*, 314 S.W.2d at 957. Because we have concluded that the petition in intervention was filed following rendition of judgment and that the trial court did not set aside its prior judgment before considering the intervention, Rule 60 is inapplicable. *Comal County*, 314 S.W.2d at 957; *Central Mutual Insurance Company*, 799 S.W.2d at 336. It follows that Dr. Keim had no obligation to answer the petition in intervention or to file a motion to strike. Dr. Keim sufficiently presented his complaint to the trial court by objecting to the court's consideration of the petition in intervention at the commencement of the September 8 hearing. TEX.R.APP.P. 52(a).

We conclude that the trial court erred when it considered the petition in intervention after rendition of judgment. Dr. Keim's first point of error is sustained. Similarly, because the court could not consider Anderson's intervention, her complaint regarding the court's failure to award her attorney's fees incurred in connection with prosecuting the petition in intervention is without merit. Anderson's sole point of error is overruled.

## IS ERROR REVERSIBLE?

However, our inquiry cannot end here, as we must nevertheless determine whether Dr. Keim's assigned error requires reversal. Although judgment was rendered on June 30, 1995, it was not reduced to writing and signed of record until September 19, 1995. Pursuant to TEX.R.CIV.P. 306a, the date the order is signed shall determine the beginning of the court's plenary power to vacate, modify, correct, or reform a judgment. Thus, at the time the court grafted its prior interim fee order onto the parties' Rule 11 Stipulation, the court could properly exercise plenary power over its previous decision

to render judgment on the agreement. The record reflects that during the September 8 hearing, the court took judicial notice of the prior hearings which had been conducted and specifically referred to its prior interim fee order. As a result, the purported, albeit untimely, petition in intervention was not a necessary prerequisite to the court's action. This is not the usual situation in which a prior attorney of one of the litigants intervenes for fees after withdrawing from representation. This case presents a pre-existing court order for fees which were awarded prior to the withdrawal. Dr. Keim effectively concedes that the court could, *sua sponte* during the existence of its plenary power, exercise its discretion to set aside the judgment and ensure the inclusion of the outstanding fee order. The real issue then becomes whether the trial court had the authority to *modify* the agreement of the parties to include the circumvented fee award.

In a decree of divorce, the trial court must order a division of the community estate of the parties in a manner that the court deems just and right. TEX.FAM.CODE ANN. § 3.63 (Vernon 1993); *Kartchner v. Kartchner*, 721 S.W.2d 482, 484 (Tex.App.—Corpus Christi 1986, no writ). The division may be accomplished in three ways: (1) the trial court is authorized, on granting a divorce, to partition the estate of the parties; (2) a property settlement agreement may be set forth in the decree; or (3) a property settlement agreement may be incorporated by reference in the decree. *Clanin v. Clanin*, 918 S.W.2d 673, 677 (Tex.App.—Fort Worth 1996, no writ h.); *McCaskill v. McCaskill*, 761 S.W.2d 470, 473 (Tex.App.—Corpus Christi 1988, writ denied); *Kartchner*, 721 S.W.2d at 484; TEX.FAM.CODE ANN. § 3.631. Here, the trial court specifically approved the stipulation, which included an agreed division of the community estate, and as we have already held, orally rendered judgment based upon the agreement of the parties. Thereafter, the trial court entered a written decree which set forth the property settlement agreement therein, but added the provision awarding attorney's fees to Anderson. The trial judge did not find that the agreement was not just and right, either

at the time he approved the stipulation or at the time he entered the written decree. Consequently, the terms of the agreement were binding on the court. TEX.FAM.CODE ANN. § 3.631(b).

 A final judgment founded upon a settlement agreement must be in strict compliance with the agreement. *Vickrey v. American Youth Camps, Inc.*, 532 S.W.2d 292 (Tex.1976); *In Matter of Marriage of Ames*, 860 S.W.2d 590, 594 (Tex.App.—Amarillo 1993, no writ); *see* TEX.FAM.CODE ANN. § 3.631(b). The trial court has no power to supply terms, provisions, or conditions not previously agreed to by the parties. *Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871, 872 (1939); *McLendon v. McLendon*, 847 S.W.2d 601, 610 (Tex.App.—Dallas 1992, writ denied). It can merely approve or reject the agreement. *See* TEX. FAM.CODE ANN. § 3.631(b)("In a proceeding for divorce or annulment, the terms of the agreement are binding on the court unless it finds that the agreement is not just and right. If the court finds the agreement is not just and right, the court may request the parties to submit a revised agreement."). If an appellate court determines that the decree contains terms and provisions dividing the community property that were never agreed to by the parties, it must reverse the judgment and remand the cause. *Ames*, 860 S.W.2d at 594. On the other hand, when the record reflects a clerical variance between a judgment announced in open court and the judgment eventually signed by the trial judge, the appellate court can modify the judgment to correct the mistake. TEX. R.APP.P. 80(b)(2); *McLendon*, 847 S.W.2d at 610; *Catlett v. Catlett*, 630 S.W.2d 478, 483 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Whether such an error is clerical or judicial is a question of law. *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1968); *McLendon*, 847 S.W.2d at 610; *Catlett*, 630 S.W.2d at 483.

 The final decree did in fact contain terms and provisions to which the parties did not agree and which were not embodied within the Rule 11 Stipulation. The fee award is also far more than a mere clerical error or mistake. Indeed, it appears to us that the trial court believed it had the authority to modify the parties' agreement to include the pre-existing court order since it was not withdrawn or vacated by the stipulation. For us to so hold suggests that the parties could not contractually deviate from the obligations imposed by temporary orders when entering into a settlement agreement. Such a ruling would authorize a trial court to approve an agreement while nevertheless imposing additional financial burdens upon a litigant arising from orders entered by the court during the pendency of the cause, obligations which may be so onerous as to skew the desirability of the settlement. In that context, the parties would be unable to complain on appeal that the court's judgment deviated from the terms and conditions of the settlement agreement. We conclude such a ruling would be in violation of TEX. FAM.CODE ANN. § 3.63. While we believe that this modification was outside of the trial court's prerogative, we also believe that the court should have an opportunity to either accept the agreement as stipulated, set aside the agreement to consider the intervention, or reject the agreement on the grounds that it does not constitute a just and right division of the parties' estates. Accordingly, the judgment is reversed and remanded.