# NO. 12-22-00323-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF*<br>*THE MARRIAGE OF* | § | *APPEAL FROM THE 420TH* |
| *DOUG J. MCCARVER*<br>*AND*<br>*DANA J. MCCARVER* | § | *JUDICIAL DISTRICT COURT* |
| | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Doug J. McCarver, acting pro se, challenges the trial court's divorce decree. In two issues, Doug argues that the court erred in 1) denying his "withdrawn and effectively dismissed" breach of contract, fraudulent lis pendens, and permanent injunction claims, and 2) granting Appellee Dana J. McCarver's attorney's fee award. We affirm.

## BACKGROUND

Doug and Dana executed a premarital agreement and married in 2009. The agreement prevented the creation of a community estate, listed the parties' separate property, and provided for a "financial security" payment from Doug to Dana in the event of their divorce. On August 24, 2021, Dana filed a first amended original counterpetition for divorce[1] on grounds of insupportability. She requested that the trial court enforce the premarital agreement, divide the marital estate in accordance with its terms, and award her attorney's fees. The parties filed a Rule 11 agreement stipulating that the premarital agreement, except its financial security paragraph, was valid and enforceable. On December 1, Dana filed a motion for summary

---

[1] This is the earliest pleading appearing in the appellate record.

judgment on the enforceability of the premarital agreement, including the financial security paragraph. The court granted the motion on March 2, 2022.

On April 14, Doug filed his third amended original petition for divorce,[2] asserting grounds of abandonment, lack of cohabitation, and insupportability. In the petition, he further 1) asserted that Dana breached the premarital agreement's provision prohibiting claims against each other's separate property by filing a lis pendens against his separate real property, 2) asserted that the lis pendens filing violated Texas Civil Practice and Remedies Code Section 12.002, and 3) requested a permanent injunction prohibiting future claims against his separate property. Hereafter, we refer to these three claims as "the Claims."

The record indicates that the case was tried on April 28.[3] Thereafter, Dana submitted a proposed decree and Doug submitted a "review" of it, which apparently consisted of a copy of Dana's proposed decree with lines drawn through certain provisions.[4] On June 23, the court signed a decree[5] granting the divorce on grounds of insupportability. The decree was filed with the clerk on June 24. According to the decree, the court considered Doug's "Motion for Partial Summary Judgment, as to [his] Breach of Contract cause of action"[6] and denied it.[7] The court further specifically denied each of the Claims in the decree. The court found the premarital agreement valid and enforceable and confirmed the parties' separate estates in accordance with its provisions. It found that Doug was obligated under the agreement to pay Dana $90,000.00 for financial security and prescribed terms for the method of payment. The court awarded Dana's attorney a $10,000.00 judgment for attorney's fees previously incurred, an additional $5,000.00 if Dana prevails in an intermediate court appeal, and an additional $10,000.00 if she prevails in an appeal to the Texas Supreme Court. Thereafter, Doug filed a notice of intent to appeal. On

---

[2] This is Doug's earliest pleading appearing in the appellate record.

[3] No transcript of this proceeding appears in the appellate record.

[4] Neither document appears in the appellate record.

[5] Although nothing in the record explicitly states that this was Dana's proposed decree, one can reasonably infer that it is.

[6] No such written motion appears in the appellate record. We cannot determine, based on the record, whether the partial summary judgment motion addressed all the Claims or only the breach of contract claim.

[7] No separate written order denying the partial summary judgment motion appears in the record.

July 21, the court set aside the decree and granted a new trial on its own motion to hear Doug's objections to the decree.

On September 9, Doug filed a fourth amended original petition for divorce, omitting the Claims and the abandonment and lack of cohabitation divorce grounds. A hearing was held on September 23, at which the court addressed Doug's objections to the decree. The parties agreed that the April trial evidence remained before the court. The meanings of the challenged portions of the decree were clarified, and the court overruled the objections. The court gave Doug an opportunity to offer additional evidence, but he declined to do so. Doug objected to the court's inclusion of its dispositions of the Claims in the new decree, arguing that their inclusion was inappropriate because he omitted the Claims in his fourth amended petition. After hearing the parties' arguments, the court overruled the objection. Dana offered evidence in support of the attorney's fee award. The court then redated and signed a decree identical to the prior one. Doug requested findings of fact and conclusions of law, which the court issued. This appeal followed.

## WITHDRAWAL OF CLAIMS

In Doug's first issue, he argues that when he filed his fourth amended petition omitting the Claims, it replaced his third amended petition,[8] and the Claims were withdrawn and effectively dismissed.[9] He argues that the trial court then erroneously denied the Claims after their dismissal. He further contends that because the decree includes orders denying the Claims, and the Claims were omitted from his fourth amended petition, the judgment does not conform to the pleadings as required by Texas Rule of Civil Procedure 301.[10] Doug contends that harm results from the "uncertainty and confusion" of the Claims' disposition.

Dana argues that Doug's filing of his fourth amended petition was simply an attempt to frustrate the trial court's prior rulings by nonsuiting the Claims. She contends that the court had

---

[8] Generally, "[u]nless [an amended pleading] shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause." TEX. R. CIV. P. 65.

[9] Generally, filing an amended petition that omits a claim effectively nonsuits or voluntarily dismisses the omitted claim as of the time the pleading is filed. *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 632 (Tex. 2008).

[10] "The judgment of the court shall conform to the pleadings[.]" TEX. R. CIV. P. 301.

discretion to overrule Doug's objection to the Claims' dispositions in the decree by finding his attempted nonsuit of the Claims untimely under Texas Rule of Civil Procedure 162[11] and Texas case law.[12] Dana further argues that if the court's ruling was error, it was harmless. She does not address Doug's complaint that the judgment fails to conform to the pleadings. Because the record shows that the court did not grant a new trial as to the Claims and Doug did not obtain leave to file his fourth amended petition, we conclude the trial court did not err in denying the Claims and the judgment conforms to the pleadings.

**Scope of New Trial**

Texas Rule of Civil Procedure 320 authorizes a trial court to grant a new trial and set aside the judgment "for good cause . . . on such terms as the court may direct." TEX. R. CIV. P. 320. This language expressly grants wide discretion to the court to determine whether a new trial is warranted and to place such terms and restrictions on the grant of a new trial that the court, in its discretion, deems appropriate. *In re Hawk*, 5 S.W.3d 874, 877 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Equitable Gen. Ins. Co. of Tex. v. Yates*, 684 S.W.2d 669, 670 (Tex. 1984)). The trial court may grant a new trial with respect to only a part of the matters in controversy when "such part is clearly separable without unfairness to the parties." TEX. R. CIV. P. 320.

The record here shows that the trial court granted a new trial for a specific purpose and with respect to only a part of the matters in controversy and did not grant a new trial as to the Claims. Although the court's written order states broadly that "[t]he court, upon its own volition, hereby Orders a New Trial, setting aside the Decree of Divorce signed June 23, 2022," the record of the September hearing shows that the court directed the new trial on much narrower terms. The court stated that after it entered its initial decree, it "received notice of an intention to appeal, and [the court] didn't have an opportunity, frankly, to review any objections to the decree that I entered and, so, I'm here today. I granted a new trial." The court then asked Doug whether he would like to explain his objections and stated

---

[11] A plaintiff may take a nonsuit "[a]t any time before [he] has introduced all of his evidence other than rebuttal evidence." TEX. R. CIV. P. 162.

[12] Dana cites *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011), wherein the supreme court notes "the disfavor our cases have displayed toward nonsuits that are filed to circumvent unfavorable legal restrictions or rulings." *Epps*, 351 S.W.3d at 870.

I think you're certainly entitled to it. We didn't have an opportunity for you to object other than by my ruling . . . So, let's go through it and then we'll see how that affects the decree that we're talking about. It's not my intention, frankly, absent any additional evidence that I did not consider previously, to substantively make any changes at this time, Mr. McCarver. I'm just trying to—if I screwed up some way, I want you to tell me.

After a discussion about the evidence supporting the attorney's fee award, the following exchange occurred:

COURT: And I want you to understand, Mr. McCarver, I'm not trying to defeat anything that you've tried to do on appeal. You understand that?

DOUG: Yes, sir.

COURT: I just—

DOUG: Want to clarify it.

COURT: I want to clarify it and that's why I went ahead and granted a new trial. I just didn't know what was going on and I—if I'd screwed up, I didn't—I wanted to unscrew it.

Doug explained his objections, which pertained to orders confirming the parties' separate property, delineating their respective tax liabilities, and prescribing the manner of his judgment payment. The orders were explained, and Doug expressed his satisfaction with the explanations. The court gave Doug an opportunity to offer additional evidence. He declined but argued as follows:

[W]e do need to make some modifications to this judgment in light of the filing of the Fourth Amended Petition.

. . . .

The Petitioner's Motion for Partial Summary Judgment, which was denied in the order that was entered for April the 28th and that has basic—that is basically moot because in my Fourth Amended Petition, I have deleted, removed, make no claim for breach of contract.

. . . .

[T]he Fourth Amended Petition does not only remove the claim for breach of contract, but it also removes the claim for a fraudulent lis pendens and it also removes the request for an injunction, a permanent injunction. So, those have been removed in the Fourth Amended Pleading—Petition, so they would not be appropriate in any final judgment.

In response, the court said that the decree section denying the Claims was "just reciting what the Court did previously, and if you dropped it, that doesn't affect my prior order." Doug further argued as follows:

DOUG: In your order granting a new trial, you have set aside this decree that was entered previously.

COURT: I understand that.

DOUG: Okay.

COURT: And I'm entering a new decree.

DOUG: That's right, but the new decree is going to be bound by the pleadings at that time.

COURT: And also the history of the case.

DOUG: Well, but these are no longer live pleadings.

COURT: No longer live complaints.

The court asked Dana what harm would occur from striking the orders. She argued that if the orders were excluded from the decree, Doug could file a new lawsuit for the Claims, and she would not be protected by res judicata. The court overruled Doug's objection.

The trial court's statements show that it granted a new trial to correct possible trial errors and not to relitigate any issues without additional evidence. Doug neither offered additional evidence supporting the Claims nor argued that their denial was error. We find no indication in the record that the trial court intended to grant a new trial on the Claims. To the contrary, the record shows that the trial court granted a new trial and set aside the judgment only as to issues other than the Claims, specifically the lined-out provisions in Doug's review of the proposed decree and the attorney's fees. Such grant was proper because the Claims were clearly separable from the other issues without unfairness to the parties. *See* TEX. R. CIV. P. 320; ***In re Hawk***, 5 S.W.3d at 877. Because the court granted a new trial and set aside the judgment only as to issues other than the Claims, the Claims' dispositions were unaffected.

## Leave to File Fourth Amended Petition

Having concluded that the trial court's dispositions of the Claims were unaffected by its grant of a new trial, we must conclude that Doug's subsequent attempt to amend his petition to omit the Claims failed. We review a court's grant or refusal of an amendment for an abuse of discretion. *See **Greenhalgh v. Serv. Lloyds Ins. Co.**,* 787 S.W.2d 938, 939 (Tex. 1990). Under Rule 63 of the Texas Rules of Civil Procedure,

> [p]arties may amend their pleadings . . . as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings . . . . offered for filing within seven days of the date of trial or thereafter . . . shall be filed only

6

> after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX. R. CIV. P. 63. Unless the record shows that the court granted leave to amend the pleading, an appellate court assumes leave was denied. *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 76 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

A party may amend its pleading after verdict but before judgment. *Greenhalgh*, 787 S.W.2d at 940. Judgment is rendered when the judge officially announces his decision in open court or files a memorandum with the clerk. *Golodetz Trading Corp. v. Curland*, 886 S.W.2d 503, 504 (Tex. App.—Houston [1st Dist.] 1994, no writ). Rendition is distinguishable from the entry of judgment, which is a purely ministerial act whereby a judgment is made of record and preserved. *Keim v. Anderson*, 943 S.W.2d 938, 942 (Tex. App.—El Paso 1997, no writ). A partial summary judgment is a decision on the merits unless set aside by the trial court. *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam).

Because the Claims were tried on April 28,[13] Doug was required to obtain leave of the trial court before filing his fourth amended petition in September. *See* TEX. R. CIV. P. 63. The record does not show that he sought or obtained such leave. Instead, it tends to show that the court denied Doug leave to file his fourth amended petition. The court overruled Doug's objection to the inclusion of the Claims' dispositions in the new decree. Moreover, the court's findings and conclusions, filed November 30, conspicuously omit any reference to the fourth amended petition. In its findings and conclusions, the court concluded, "The Original Petition for Divorce filed by Doug J. McCarver, and as amended in the Petitioner's Third Amended Original Petition for Divorce, is in due form and contains all the allegations required by law." Because the record does not show that the court granted Doug leave to amend his pleading, we assume that leave was denied. *See Austin*, 261 S.W.3d at 76.

Furthermore, the court's denial of leave was proper. Because judgment was previously rendered on the Claims, Doug was not entitled to amend his petition to omit them. *See Greenhalgh*, 787 S.W.2d at 940. Therefore, we conclude that the court did not abuse its discretion in refusing the amendment. *See id.* at 939.

---

[13] Or earlier if a hearing was held on Doug's partial summary judgment motion. *See Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 790 (Tex. 1988) ("A summary judgment proceeding is a trial within the meaning of Rule 63.").

## Conclusion

Because the trial court did not grant a new trial and set aside the judgment as to the Claims, and Doug did not obtain leave to file his fourth amended petition, Doug's fourth amended petition did not replace his third under Rule 65, and his third amended petition remains a part of the pleadings. *See* TEX. R. CIV. P. 65. Thus, Doug's argument that the court erred by denying the Claims after his fourth amended petition effectively dismissed them fails, as does his argument that the final decree does not conform to the pleadings. Accordingly, we overrule Doug's first issue.

## ATTORNEY'S FEES

In Doug's second issue, he argues that the trial court erred in awarding Dana attorney's fees because Dana cited only an inapplicable statute as authority for the award.

## Standard of Review

We review a trial court's award of attorney's fees for an abuse of discretion. ***Fort Worth Transp. Auth. v. Rodriguez***, 547 S.W.3d 830, 850 (Tex. 2018). Under this standard of review, a judgment awarding attorney's fees can "be affirmed on any theory of law applicable to the case and supported by the record." ***Interest of Z.O.M.***, 613 S.W.3d 638, 642 (Tex. App.—San Antonio 2020, no pet.).

We review a trial court's conclusions of law de novo as legal questions. ***Boyd v. Boyd***, 67 S.W.3d 398, 404 (Tex. App.—Fort Worth 2002, no pet.); ***Hitzelberger v. Samedan Oil Corp.***, 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, pet. denied). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. ***Boyd***, 67 S.W.3d at 404; ***State Bar v. Leighton***, 956 S.W.2d 667, 671 (Tex. App.—San Antonio 1997) (op. on reh'g), *pet. denied*, 964 S.W.2d 944 (Tex. 1998). Incorrect conclusions do not require a reversal if the controlling findings of fact will support a correct legal theory. ***Hitzelberger***, 948 S.W.2d at 503.

## Applicable Law

Attorney's fees may not be recovered unless provided for by statute or by contract between the parties. ***Dallas Cent. Appraisal Dist. v. Seven Inv. Co.***, 835 S.W.2d 75, 77 (Tex. 1992). A party may not be granted relief in the absence of pleadings to support that relief. ***Campbell v. Stucki***, 220 S.W.3d 562, 567 (Tex. App.—Tyler 2007, no pet.). Absent a

mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleading, and a judgment not supported by pleadings requesting attorney's fees is a nullity. *Id.* at 567-68. If a party pleads facts that, if true, entitle her to the relief sought, she need not specifically plead the applicable statute to recover attorney's fees under it. *Gibson v. Cuellar*, 440 S.W.3d 150, 156 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

**Analysis**

Doug does not argue that Dana failed to plead facts in her counterpetition that, if true, entitled her to the attorney's fee award. Rather, he argues that by citing a statute in her summary judgment motion as authority for the award, she limited herself to an award under that statute. Furthermore, according to Doug, the cited statute does not authorize the award in this case.

In Dana's first amended counterpetition, she pleaded for attorney's fees "to effect an equitable division of the estate of the parties and as a part of the division." Dana's written motion for summary judgment on the premarital agreement's enforceability contains the following paragraph:

> ATTORNEY'S FEES
>
> 9. As stated in Mrs. McCarver's First Amended Original Counterpetition for Divorce, she is entitled to recover her attorney's fees in this matter. Section 31.001(b)(8) (sic) of the Texas Civil Practice and Remedies Code provides that the prevailing party on a suit on a written contract is entitled to recover her attorney's fees. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8) (West 2021). Thus, Mrs. McCarver is entitled to reasonable and necessary attorney's fees that were incurred in the prosecution of this suit. The affidavit of Mrs. McCarver's attorney establishes the reasonable and necessary attorney fees that Mrs. McCarver is entitled to recover.

In the trial court's order on the motion, it "reserve[d] the issue of attorney fees sought by Respondent until final hearing in the cause." In its post-decree findings and conclusions, the court cites Texas Family Code Section 6.708 as authority for the award. Section 6.708 provides, "In a suit for dissolution of a marriage, the court may award reasonable attorney's fees and expenses." TEX. FAM. CODE ANN. § 6.708(c) (West 2020).

Doug argues that the trial court erred in granting the attorney's fee award "based on the authority of Section 38.001(b)(8)" because a divorce claim is not listed among the eight claim types in which attorney's fees are recoverable under that statute.[14] In reaching his conclusion

---

[14] Section 38.001 authorizes recovery in claims for rendered services, performed labor, furnished material, freight or express overcharges, lost or damaged freight or express, killed or injured stock, a sworn account, and an oral or written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8) (West Supp. 2022).

that the court necessarily granted the fee award under Section 38.001(b)(8) rather than Section 6.708(c), Doug relies on the broad principle that in a petition, the "specific allegation controls over the general allegation." *Monsanto Co. v. Milam*, 494 S.W.2d 534, 536 (Tex. 1973). More specifically, he relies on case law holding that "[w]hen a party pleads a specific ground for recovery of attorney's fees, the party is limited to that ground and cannot recover attorney's fees on another, unpleaded ground." *Heritage Gulf Coast Properties, Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 660 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Without explicitly arguing that these principles apply not only when a specific ground is alleged in a pleading but also when one is cited in a summary judgment motion, Doug concludes Dana's citation of Section 38.001(b)(8) in her summary judgment motion limited her to an award under that Section.

Dana argues that her attorney's fee recovery under Section 6.708(c) is supported by her counterpetition's explicit request for attorney's fees "to effect an equitable division of the estate of the parties and as a part of the division." She contends that the principles cited by Doug are inapplicable here because she cited Section 38.001 not in a pleading but in her summary judgment motion. Dana further argues that her summary judgment motion addressed only part of the case, and consequently, her citation of Section 38.001(b)(8) therein does not impede her recovery under Section 6.708(c) in the overarching divorce case. Next, she contends that Section 38.001 could authorize the fee award because the divorce entailed her enforcement of the premarital agreement, which in law is a contract. Finally, Dana argues that if her pleadings were defective, Doug waived his complaint by failing to specially except to her pleaded request for attorney's fees or otherwise object to the fee award in the trial court.

A complaint that a statute does not authorize an award of attorney's fees must be preserved in the trial court. *Tex. Constr. Specialists, L.L.C. v. Ski Team VIP, L.L.C.*, 659 S.W.3d 67, 79 (Tex. App.—Houston [14th Dist.] 2022, pet. filed). To preserve a complaint for appellate review, a party must present a timely request, objection, or motion that states the specific ground for the desired ruling unless it was apparent from the context. *See* TEX. R. APP. P. 33.1.; *Tex. Constr. Specialists*, 659 S.W.3d at 79. The record does not reflect that Doug raised this issue at any time in the trial court, including during the September hearing when he stated his objections to the decree. We conclude that Doug has not preserved his complaint for our review. *See id.*

Moreover, even if Doug preserved this issue, he cites no authority for his proposition that a party's citation of a specific statutory attorney's fee ground in a summary judgment motion necessarily limits the party to an award under that statute, and we conclude it does not. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities). Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. ***Horizon/CMS Healthcare Corp. v. Auld***, 34 S.W.3d 887, 896 (Tex. 2000). Pleadings define the issues for trial. ***Gordon v. S. Tex. Youth Soccer Ass'n, Inc.***, 623 S.W.3d 25, 36 (Tex. App.—Austin 2021, pet. denied). A summary judgment motion is not a pleading. *See* TEX. R. CIV. P. 45(a); ***In re S.A.P.***, 156 S.W.3d 574, 576 & n.3 (Tex. 2005) (per curiam).

Doug does not argue that Dana's counterpetition fails to provide fair notice of her request for attorney's fees under Section 6.708(c), and based on our review, we conclude that it does. *See **Auld***, 34 S.W.3d at 896; ***Gibson***, 440 S.W.3d at 156. We further conclude that Dana's citation of Section 38.001 in her summary judgment motion did not negate such notice. *See* TEX. R. CIV. P. 45(a); ***In re S.A.P.***, 156 S.W.3d at 576 & n.3; ***Gordon***, 623 S.W.3d at 36. For these reasons, even if the issue were preserved, we could not conclude that the trial court abused its discretion in granting Dana's attorney's fee award under Section 6.708(c). *See* TEX. FAM. CODE ANN. § 6.708(c); ***Rodriguez***, 547 S.W.3d at 850. Accordingly, we overrule Doug's second issue.

## DISPOSITION

Having overruled Doug's first and second issues, we ***affirm*** the trial court's judgment.

<u>BRIAN HOYLE</u>
Justice

Opinion delivered September 29, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

11



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-22-00323-CV**

**IN THE MATTER OF THE MARRIAGE OF DOUG J. MCCARVER AND DANA J. MCCARVER**

Appeal from the 420th District Court
of Nacogdoches County, Texas (Tr.Ct.No. C2036243)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **Doug J. McCarver** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*