Bruce G. REPPERT, Individually and as Trustee, and S.O.A.W. Enterprises, Inc., Appellants,

v.

Leslie BEASLEY, Individually and as Independent Executor of the Estate of Jake W. Beasley, Deceased and Leslie Beasley and Jake W. Beasley, Co–Independent Executors of the Estate of Tempe S. Beasley, Appellees.

No. 04–96–00101–CV.

Court of Appeals of Texas, San Antonio.

April 2, 1997.

Gerald T. Drought, Dain A. Dreyer, Martin, Drought & Torres, Inc., San Antonio, for Appellants.

Henry W. Christopher, Jr., Craig S. Christopher, Johnson, Christopher, Javore & Cochran, Inc., San Antonio, for Appellees.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Bruce G. Reppert, individually and as trustee, and S.O.A.W. Enterprises, Inc. ("Reppert") appeal the trial court's judgment, which purports to effectuate a settlement of litigation between Reppert and Leslie Beasley, individually and as independent executor of the Estate of Jake W. Beasley, and Leslie Beasley and Jake W. Beasley, as co-independent executors of the Estate of Tempe S. Beasley ("Beasley"). According to Reppert, the trial court's judgment does not reflect the terms of the settlement and was entered without his consent. We agree and therefore reverse the judgment and remand the case to the trial court for disposition on the merits.

### FACTUAL AND PROCEDURAL BACKGROUND

Beasley sued Reppert, claiming that he had diverted to himself, in one or another of his capacities, funds that should have been used to pay off certain notes. The case was set for trial on July 11, 1995. Before jury selection began, however, the parties' counsel informed the trial judge that they had settled "the entire case," and they dictated their agreement into the record. At the conclusion of this hearing, the trial judge stated: "The Court accepts the agreement and approves it and makes it a judgment of the Court. I'll await a final written judgment before I sign one, obviously, but I am approving it as of today."

On August 14, Beasley's attorney filed a motion to enter judgment and set a hearing on the motion for August 18. But at the hearing on this motion, it appears the parties' counsel announced to the trial court that they could not agree on the form of a judgment and reset the case for trial.[1] Thereafter, however, Beasley filed an amended motion to enter judgment and set this amended motion for hearing on September 19. At this hearing, Beasley's counsel admitted his first proposed judgment "might have embellished on" the parties' settlement agreement, but he maintained that his amended proposed judgment was faithful to their agreement. Reppert's attorney disagreed in several respects, the most important of which was that the proposed judgment transformed the parties' agreement into an injunction, which would be enforceable by contempt, rather than a simple agreement enforceable by a suit for breach of contract. Beasley agreed they did "not expressly say there would be injunctive relief" and "[t]he closest we got was to say we'd have a declaratory judgment," but he insisted that an agreed judgment would be meaningless if it could only be enforced by a subsequent suit for breach of contract. The trial judge agreed with Beasley's first assertion, stating "[t]here was nothing in this settlement agreement that we dictated into the record about injunctive relief" and that she did "not know [she could] go in and add that at this time unless the parties agree to it." The trial judge also stated, however, that she had "pronounced judgment on [July 11]" and was going to "enter" judgment based on the parties' settlement agreement. At the conclusion of this hearing, the parties agreed to try again to agree on a form of judgment. If they were unable to do so, the trial judge indicated they would go to trial.

By September 29, the parties' counsel were still unable to agree on a form of judgment, and another hearing was held. At the conclusion of this hearing, the trial judge did not reset the case for trial, as she had indicated she would do at the September 19 hearing; rather, she stated she would sign and interlineate either Beasley's or Reppert's proposed judgment. On October 3, she signed Beasley's proposed judgment. Reppert filed a motion for new trial or, alternatively, to modify the trial court's October 3 judgment. At the hearing on this motion, the trial court denied the motion for new trial but modified the judgment in two respects. Reppert appeals, arguing that the modified judgment varies significantly from the parties' settlement agreement and was entered without his consent.

---

1. This hearing was not reported, and the parties disagree on the reason the case was again set for trial. According to Reppert, the case was reset because the parties had abandoned their settlement agreement. Beasley, on the other hand, contends the case was reset because the parties had not settled all issues before the court.

## DISCUSSION

In three points of error, Reppert argues that the trial court abused its discretion in entering Beasley's proposed judgment, because it did not conform to the parties' Rule 11 agreement, and it contained terms to which he did not consent at the time the judgment was entered. Beasley argues, on the other hand, that the trial court's judgment is correct because it conforms to the judgment orally rendered on the parties' Rule 11 agreement on July 11.

 It is well established that "a court cannot render a valid agreed judgment absent consent at the time it is rendered...." *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex.1995). If an agreed judgment is rendered when consent is lacking, the proper course is to reverse the judgment and remand the case to the trial court without prejudice to the rights of the parties to seek to enforce, or to avoid enforcement of, the settlement agreement. *Padilla*, 907 S.W.2d at 462; *see also S & A Restaurant v. Leal*, 892 S.W.2d 855, 857 n. 1 (Tex.1995). We must first determine, therefore, whether the trial court possessed the present intent and power to render judgment on July 11, as argued by Beasley, or when the October 3 judgment was signed, as Reppert appears to argue.

### Present Intent and Power to Render Judgment

 As a general rule, "[j]udgment is rendered when the trial court officially announces *its decision in open court or by written memorandum filed with the clerk.*" *S & A Restaurant*, 892 S.W.2d at 857. "The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *Id.* at 858.

In this case, the record indicates the trial judge possessed the present intent to render judgment on the parties' Rule 11 agreement at the conclusion of the July 11 hearing. She stated on the record that she not only "accept[ed] and approv[ed]" the parties' settlement agreement, but she also "ma[d]e it a judgment of the Court." This interpretation of the trial judge's statement at the July 11

hearing is supported by her statement during the September 29 hearing that she had "pronounced a judgment" on July 11. *See Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58–59 (Tex.1970). What is less clear, however, is whether the trial court possessed the power to do so under the supreme court's decision in *Wyss v. Bookman*, 235 S.W. 567 (Tex.Com.App.1921):

> To constitute an enforceable agreement for judgment, there should be left nothing for adjustment between the parties relating to the subject-matter of the agreement. Until all the terms of a final judgment have been definitely agreed upon by all parties and those terms either reduced to writing or placed of record, as required by [District Court Rule 47, the predecessor of Rule 11], we think the court was without power to render a judgment by agreement.

*Id.* at 569. In *Wyss*, because "at least one essential feature" required by one of the parties was omitted from the trial court's judgment, "the negotiations of the parties as entered of record never reached that final stage of meeting of minds upon all matters which is essentially necessary to an agreed judgment." *Id.*; *see also Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871, 873 (1939) (quoting *Wyss*, court reversed alleged agreed judgment because it was "not announced in all of its essential details in open court").

In this case, as in *Wyss* and *Matthews*, at least one essential element of agreement was left undecided by the parties' Rule 11 agreement, *i.e.*, whether the judgment would be self-enforcing through the trial court's contempt power or enforceable only through a breach of contract action. That this omission was and is essential to both parties is manifest from Beasley's refusal to agree to a judgment that was not self-enforcing and Reppert's refusal to agree to one that was. We therefore hold that the trial court was "without power to render a judgment by agreement" on either July 11 or October 3.

### Strict and Literal Compliance with Rule 11 Agreement

 If we are incorrect, and the trial court possessed the requisite power to render an agreed judgment on July 11, it must still

have done so "in strict or literal compliance with that agreement." *Vickrey v. American Youth Camps*, 532 S.W.2d 292, 292 (Tex. 1976) (per curiam). And, as both parties and the trial judge recognized at the September 19th hearing, Reppert did not agree at the July 11 hearing or at any time thereafter to a judgment that would be enforceable by contempt. Accordingly, we hold the trial court's modified judgment goes beyond the terms of the parties' agreement and is therefore void at least in that respect, if not others.

CONCLUSION

When the trial court does not have the power to render an agreed judgment or, having that power goes beyond the terms of the parties' agreement, the proper course is to reverse the judgment and remand the case to the trial court. *Vickrey*, 532 S.W.2d at 293; *Matthews*, 123 S.W.2d at 874; *Wyss*, 235 S.W. at 569. We therefore sustain Reppert's points of error, reverse the trial court's judgment, and remand the case to that court for disposition on the merits. *See Wyss*, 235 S.W. at 569.