NO. 07-06-0290-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 2, 2007


______________________________



HUGO XAVIER DE LOS SANTOS, APPELLANT



V.



COMMISSION FOR LAWYER DISCIPLINE, APPELLEE


_________________________________



FROM THE 166TH DISTRICT COURT OF BEXAR COUNTY;



NO. 2004-CI-02937; HONORABLE J. MANUEL BANALES, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Hugo Xavier de los Santos, appeals the entry of a Judgment of Public
Reprimand. We reverse the judgment and remand to the trial court.

Background

 Appellee, Commission for Lawyer Discipline (Commission), filed a suit against de
los Santos contending that de los Santos had violated Texas Disciplinary Rules of
Professional Conduct in connection with his handling of two unrelated cases. The
Commission alleged that in one of these cases, the Travis complaint, de los Santos
violated Rules 3.01 and 3.04(b) of the Texas Rules of Professional Conduct by bringing
a lawsuit upon which de los Santos had no reasonable belief was not frivolous and that he
counseled false testimony from his client. See Tex. Gov't Code Ann. tit. 2, subt. G, app.
A, art. 10, § 9, 3.01, 3.04(b) (Vernon 2005). (1) In the other case, the Potts complaint, the
Commission alleged that de los Santos violated Rule 1.03(b) by failing to reasonably
explain the scope of his representation to a client sufficient to permit the client to make
informed decisions regarding the representation. 

 De los Santos filed special exceptions and an answer denying the Commission's
allegations. De los Santos also filed a motion to sever the Travis complaint from the Potts
complaint. The trial court denied the severance motion. De los Santos then filed a motion
for no-evidence summary judgment and a motion for traditional summary judgment. After
the Commission responded to these motions, de los Santos filed objections to the
Commission's summary judgment evidence and a motion to strike the Commission's
response. The trial court denied de los Santos's objections, motion to strike, and motions
for summary judgment and the suit proceeded to trial.

 On the day that the trial was scheduled to commence, January 17, 2006, the
Commission non-suited its claims based on the Travis complaint. Prior to the empaneling
of the jury, the parties announced that they had reached a settlement agreement. The
terms of this settlement agreement were stated on the record and in open court. De los
Santos expressly accepted the agreement. After some discussion regarding the drafting
of the judgment, the trial court stated, "And for the record, the Court approves the
settlement and renders judgment accordingly."

 Two days later, the court held a hearing for entry of judgment based on the prior
agreed settlement. Both parties submitted proposed judgments at this hearing. De los
Santos objected to the Commission's proposed judgment contending that he had not
agreed to a finding that he had violated a Rule of Professional Conduct, but that he would
accept the Commission's proposed judgment if the trial court would allow the inclusion of
an additional statement indicating that de los Santos did not agree or admit to the finding
that he had violated a Rule. As a result of this dispute regarding the terms of the judgment,
the trial court asked de los Santos if he would rather go to trial or have the court sign the
Commission's proposed judgment. De los Santos insisted that he did not agree to the
terms in the Commission's proposed judgment and wanted to go to trial. The trial court
accepted de los Santos's request and notified the parties that the trial would be set for
March 20. Further, the trial court stated, "Everything goes back to the way it was before
the announcements on Tuesday [the settlement announcements]" and that "There's
nothing final yet."

 On February 6, the trial court entered an Order Granting Entry of Judgment and
entered a Judgment of Public Reprimand. The Judgment recites that, on January 17, the
parties agreed that judgment should be entered "as set forth in this Agreed Judgment of
Public Reprimand." This judgment decrees, inter alia, that de los Santos committed
professional misconduct by violating Rule 1.03(b) and requires that the $3,000 restitution
and $2,000 attorney fee payments be made by certified check, money order or other
method of guaranteed payment. De los Santos appealed this judgment.

 De los Santos presents nine issues on appeal. Issues one through four and nine
challenge the judgment entered by the trial court on February 6. Issue five contends that
the trial court erred in denying de los Santos's motion for summary judgment. Issues six
through eight challenge the trial court's denial of de los Santos's motion to sever the Potts
and Travis complaints. 

Issues 1-4, 9: The Agreed Judgment

 De los Santos challenges the trial court's entry of the February 6 Judgment of Public
Reprimand because 1) de los Santos had withdrawn his consent prior to the entry of
judgment, 2) the judgment was not supported by evidence or consent, 3) the judgment did
not comport with the agreement of the parties, 4) the trial court's sua sponte entry of
judgment was a denial of de los Santos's due process rights and a denial of his open
courts right, and 5) the trial court abused its discretion by denying de los Santos's
objections to the entry of judgment. Holding that the trial court was without authority to
enter the February 6 judgment and that it added an additional term not agreed to by the
parties, we reverse.

 On January 17, the parties announced, in open court and of record, that they had
reached a settlement agreement. The trial court asked that the terms of the settlement be
read into the record. Those terms were, "A public reprimand, and $2,000 attorney's fees
to be paid to the State Bar, and $3,000 restitution which will be paid through the State Bar,
and the monetary payments are due in 90 days or less." The court asked de los Santos
if that was his agreement and he responded, "That's the agreement I made today, yes, sir." 
After some discussion regarding drafting the judgment, the trial court set a hearing on the
entry of the judgment for January 19 and stated, "And for the record, the court approves
the settlement and renders judgment accordingly."

 As a general rule, judgment is rendered when the trial court announces its decision
in open court or by written memorandum filed with the clerk. S & A Rest. Corp. v. Leal, 892
S.W.2d 855, 857 (Tex. 1995). However, a trial court's approval of a settlement agreement
does not necessarily constitute rendition of judgment. Id. Rather, the words used by the
trial court must clearly indicate the intent to render judgment at the time that the words are
expressed. Id. at 858. The entry of judgment after rendition is a purely ministerial act by
which the judgment is made of record and preserved. See Keim v. Anderson, 943 S.W.2d
938, 942 (Tex.App.-El Paso 1997, no writ). A final judgment which is founded upon a
settlement agreement reached by the parties must be in strict and literal compliance with
that agreement. Vickery v. Am. Youth Camps, Inc., 532 S.W.2d 292, 292 (Tex. 1976). A
court has no power to supply terms, provisions, or conditions not previously agreed to by
the parties. Matthews v. Looney, 132 Tex. 313, 123 S.W.2d 871, 872 (1939). 

 Reviewing the words used by the trial court on January 17, we conclude that they
clearly indicate the trial court's intent to render judgment at the time they were stated. 
Thus, the trial court intended to render judgment in accordance with the parties' settlement
agreement on January 17 and needed only perform the ministerial act of entering judgment
on January 19.

 However, to constitute an enforceable agreement for judgment, no necessary term
should be allowed for adjustment between the parties. Wyss v. Bookman, 235 S.W. 567,
569 (Tex. 1921); Reppert v. Beasley, 943 S.W.2d 172, 174 (Tex.App.-San Antonio 1997,
no writ). "Until all the terms of a final judgment have been definitely agreed upon by all
parties and those terms either reduced to writing or placed of record, . . . we think the court
was without power to render a judgment by agreement." Wyss, 235 S.W. at 569. When
an agreement fails to include all necessary terms, the negotiations of the parties "never
reached that final stage of meeting of minds upon all matters which is essentially
necessary to an agreed judgment." Id. 

 While the trial court in the present case intended to render judgment according to
the settlement agreement of the parties on January 17, that agreement left a necessary
element undecided, specifically whether the judgment would include a finding that de los
Santos had violated a Rule of Professional Conduct. That this omission was essential may
be seen by the fact that neither party was willing to agree to the other's proposed
judgment. See Reppert, 943 S.W.2d at 174. Further, the Commission, by its appellate
brief, appears to indicate that a finding of a Rule violation was necessary for the entry of
judgment in this case. (2) Thus, the settlement agreement that was stated into the record on
January 17 was incapable of supporting an agreed judgment because it omitted an
essential term, namely that de los Santos had violated a Rule of Professional Conduct. 
As a result, we conclude that the trial court was without authority to enter the February 6
Judgment of Public Reprimand.

 However, even if the trial court had the authority to enter the February 6 judgment,
it must still have done so "in strict and literal compliance with that agreement." Vickery,
532 S.W.2d at 292. The settlement terms that were stated into the record on January 17
do not include any agreement regarding the finding of a Rule violation. Accordingly, the
trial court's February 6 judgment supplies "terms, provisions, or conditions not previously
agreed to by the parties," Matthews, 123 S.W.2d at 872, and is void. See Reppert, 943
S.W.2d at 175. 

 When the trial court does not have the authority to render an agreed judgment or,
having that power, goes beyond the terms of the parties' agreement, it is appropriate to
reverse the judgment and remand the case to the trial court. Vickery, 532 S.W.2d at 293;
Reppert, 943 S.W.2d at 175.

Issue 5: de los Santos's Summary Judgment

 De los Santos contends that the trial court abused its discretion in denying his
motion for summary judgment. Generally, appellate courts do not have jurisdiction to hear
denied motions for summary judgment. See Ackerman v. Vordenbaum, 403 S.W.2d 362,
365 (Tex. 1966); Hines v. Comm'n for Lawyer Discipline, 28 S.W.3d 697, 700
(Tex.App.-Corpus Christi 2000, no pet.). De los Santos has failed to identify an exception
to this general rule applicable to the present case nor can we find one. Thus, we conclude
that we have no jurisdiction to review de los Santos's issue regarding the trial court's denial
of his motion for summary judgment.

Issues 6-8: Severance

 Finally, de los Santos contends that the trial court abused its discretion in denying
his motion to sever the Travis and Potts complaints. However, the record reflects that, at
the January 17 hearing, the Commission asked the trial court to allow it to "abandon" the
Travis complaints, which the trial court accepted. De los Santos correctly indicates that,
unless otherwise specified by the requesting party or the court, a non-suit is without
prejudice. See Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962). Neither
party has brought forth an issue regarding the trial court's acceptance of the Commission's
non-suit of the Travis complaints. Consequently, the trial court's denial of the severance
was rendered moot by the subsequent non-suit of the Travis complaints. We cannot and
will not speculate as to whether the Commission will attempt to reassert claims in the
present lawsuit which have been previously dismissed. As the present appeal does not
include the Travis complaints, any comment upon these matters by this court would
constitute an advisory opinion, which is precluded by the Texas Constitution. See Tex.
Const. art. II, § 1; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex.
1993). Thus, we overrule de los Santos's issues relating to the trial court's denial of his
severance motion.



Conclusion

 We reverse the trial court's February 6, 2006 Judgment of Pubic Reprimand and
remand for further proceedings consistent with this opinion.


 Mackey K. Hancock

 Justice






 

1. Further reference to Texas Rules of Professional Conduct will be by reference to
"Rule __."
2. The Commission states that, ". . . while no reference was made specifically to
[Rule] 1.03(b) [in the settlement agreement], there was no other misconduct at issue. . .
. Consequently, the judgment properly included the finding of misconduct and the specific
rule violation."