NO. 07-06-0290-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 2, 2007
_____

HUGO XAVIER DE LOS SANTOS, APPELLANT

V.

COMMISSION FOR LAWYER DISCIPLINE, APPELLEE
_____

FROM THE 166TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2004-CI-02937; HONORABLE J. MANUEL BANALES, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Hugo Xavier de los Santos, appeals the entry of a Judgment of Public Reprimand. We reverse the judgment and remand to the trial court.

Background

Appellee, Commission for Lawyer Discipline (Commission), filed a suit against de los Santos contending that de los Santos had violated Texas Disciplinary Rules of Professional Conduct in connection with his handling of two unrelated cases. The

Commission alleged that in one of these cases, the Travis complaint, de los Santos violated Rules 3.01 and 3.04(b) of the Texas Rules of Professional Conduct by bringing a lawsuit upon which de los Santos had no reasonable belief was not frivolous and that he counseled false testimony from his client. See TEX. GOV'T CODE ANN. tit. 2, subt. G, app. A, art. 10, § 9, 3.01, 3.04(b) (Vernon 2005).[1] In the other case, the Potts complaint, the Commission alleged that de los Santos violated Rule 1.03(b) by failing to reasonably explain the scope of his representation to a client sufficient to permit the client to make informed decisions regarding the representation.

De los Santos filed special exceptions and an answer denying the Commission's allegations. De los Santos also filed a motion to sever the Travis complaint from the Potts complaint. The trial court denied the severance motion. De los Santos then filed a motion for no-evidence summary judgment and a motion for traditional summary judgment. After the Commission responded to these motions, de los Santos filed objections to the Commission's summary judgment evidence and a motion to strike the Commission's response. The trial court denied de los Santos's objections, motion to strike, and motions for summary judgment and the suit proceeded to trial.

On the day that the trial was scheduled to commence, January 17, 2006, the Commission non-suited its claims based on the Travis complaint. Prior to the empaneling of the jury, the parties announced that they had reached a settlement agreement. The terms of this settlement agreement were stated on the record and in open court. De los

---

[1] Further reference to Texas Rules of Professional Conduct will be by reference to "Rule __."

Santos expressly accepted the agreement. After some discussion regarding the drafting of the judgment, the trial court stated, "And for the record, the Court approves the settlement and renders judgment accordingly."

Two days later, the court held a hearing for entry of judgment based on the prior agreed settlement. Both parties submitted proposed judgments at this hearing. De los Santos objected to the Commission's proposed judgment contending that he had not agreed to a finding that he had violated a Rule of Professional Conduct, but that he would accept the Commission's proposed judgment if the trial court would allow the inclusion of an additional statement indicating that de los Santos did not agree or admit to the finding that he had violated a Rule. As a result of this dispute regarding the terms of the judgment, the trial court asked de los Santos if he would rather go to trial or have the court sign the Commission's proposed judgment. De los Santos insisted that he did not agree to the terms in the Commission's proposed judgment and wanted to go to trial. The trial court accepted de los Santos's request and notified the parties that the trial would be set for March 20. Further, the trial court stated, "Everything goes back to the way it was before the announcements on Tuesday [the settlement announcements]" and that "There's nothing final yet."

On February 6, the trial court entered an Order Granting Entry of Judgment and entered a Judgment of Public Reprimand. The Judgment recites that, on January 17, the parties agreed that judgment should be entered "as set forth in this Agreed Judgment of Public Reprimand." This judgment decrees, *inter alia*, that de los Santos committed professional misconduct by violating Rule 1.03(b) and requires that the $3,000 restitution

and $2,000 attorney fee payments be made by certified check, money order or other method of guaranteed payment.  De los Santos appealed this judgment.

De los Santos presents nine issues on appeal.  Issues one through four and nine challenge the judgment entered by the trial court on February 6.  Issue five contends that the trial court erred in denying de los Santos's motion for summary judgment.  Issues six through eight challenge the trial court's denial of de los Santos's motion to sever the Potts and Travis complaints.

Issues 1-4, 9: The Agreed Judgment

De los Santos challenges the trial court's entry of the February 6 Judgment of Public Reprimand because 1) de los Santos had withdrawn his consent prior to the entry of judgment, 2) the judgment was not supported by evidence or consent, 3) the judgment did not comport with the agreement of the parties, 4) the trial court's *sua sponte* entry of judgment was a denial of de los Santos's due process rights and a denial of his open courts right, and 5) the trial court abused its discretion by denying de los Santos's objections to the entry of judgment.  Holding that the trial court was without authority to enter the February 6 judgment and that it added an additional term not agreed to by the parties, we reverse.

On January 17, the parties announced, in open court and of record, that they had reached a settlement agreement.  The trial court asked that the terms of the settlement be read into the record.  Those terms were, "A public reprimand, and $2,000 attorney's fees to be paid to the State Bar, and $3,000 restitution which will be paid through the State Bar,

and the monetary payments are due in 90 days or less." The court asked de los Santos if that was his agreement and he responded, "That's the agreement I made today, yes, sir." After some discussion regarding drafting the judgment, the trial court set a hearing on the entry of the judgment for January 19 and stated, "And for the record, the court approves the settlement and renders judgment accordingly."

As a general rule, judgment is rendered when the trial court announces its decision in open court or by written memorandum filed with the clerk. S & A Rest. Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995). However, a trial court's approval of a settlement agreement does not necessarily constitute rendition of judgment. Id. Rather, the words used by the trial court must clearly indicate the intent to render judgment at the time that the words are expressed. Id. at 858. The entry of judgment after rendition is a purely ministerial act by which the judgment is made of record and preserved. See Keim v. Anderson, 943 S.W.2d 938, 942 (Tex.App.–El Paso 1997, no writ). A final judgment which is founded upon a settlement agreement reached by the parties must be in strict and literal compliance with that agreement. Vickery v. Am. Youth Camps, Inc., 532 S.W.2d 292, 292 (Tex. 1976). A court has no power to supply terms, provisions, or conditions not previously agreed to by the parties. Matthews v. Looney, 132 Tex. 313, 123 S.W.2d 871, 872 (1939).

Reviewing the words used by the trial court on January 17, we conclude that they clearly indicate the trial court's intent to render judgment at the time they were stated. Thus, the trial court intended to render judgment in accordance with the parties' settlement agreement on January 17 and needed only perform the ministerial act of entering judgment on January 19.

However, to constitute an enforceable agreement for judgment, no necessary term should be allowed for adjustment between the parties. Wyss v. Bookman, 235 S.W. 567, 569 (Tex. 1921); Reppert v. Beasley, 943 S.W.2d 172, 174 (Tex.App.–San Antonio 1997, no writ). "Until all the terms of a final judgment have been definitely agreed upon by all parties and those terms either reduced to writing or placed of record, . . . we think the court was without power to render a judgment by agreement." Wyss, 235 S.W. at 569. When an agreement fails to include all necessary terms, the negotiations of the parties "never reached that final stage of meeting of minds upon all matters which is essentially necessary to an agreed judgment." Id.

While the trial court in the present case intended to render judgment according to the settlement agreement of the parties on January 17, that agreement left a necessary element undecided, specifically whether the judgment would include a finding that de los Santos had violated a Rule of Professional Conduct. That this omission was essential may be seen by the fact that neither party was willing to agree to the other's proposed judgment. See Reppert, 943 S.W.2d at 174. Further, the Commission, by its appellate brief, appears to indicate that a finding of a Rule violation was necessary for the entry of judgment in this case.[2] Thus, the settlement agreement that was stated into the record on January 17 was incapable of supporting an agreed judgment because it omitted an essential term, namely that de los Santos had violated a Rule of Professional Conduct.

---

[2] The Commission states that, ". . . while no reference was made specifically to [Rule] 1.03(b) [in the settlement agreement], there was no other misconduct at issue. . . . Consequently, the judgment properly included the finding of misconduct and the specific rule violation."

As a result, we conclude that the trial court was without authority to enter the February 6 Judgment of Public Reprimand.

However, even if the trial court had the authority to enter the February 6 judgment, it must still have done so "in strict and literal compliance with that agreement." Vickery, 532 S.W.2d at 292. The settlement terms that were stated into the record on January 17 do not include any agreement regarding the finding of a Rule violation. Accordingly, the trial court's February 6 judgment supplies "terms, provisions, or conditions not previously agreed to by the parties," Matthews, 123 S.W.2d at 872, and is void. See Reppert, 943 S.W.2d at 175.

When the trial court does not have the authority to render an agreed judgment or, having that power, goes beyond the terms of the parties' agreement, it is appropriate to reverse the judgment and remand the case to the trial court. Vickery, 532 S.W.2d at 293; Reppert, 943 S.W.2d at 175.

Issue 5: de los Santos's Summary Judgment

De los Santos contends that the trial court abused its discretion in denying his motion for summary judgment. Generally, appellate courts do not have jurisdiction to hear denied motions for summary judgment. See Ackerman v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966); Hines v. Comm'n for Lawyer Discipline, 28 S.W.3d 697, 700 (Tex.App.–Corpus Christi 2000, no pet.). De los Santos has failed to identify an exception to this general rule applicable to the present case nor can we find one. Thus, we conclude

7

that we have no jurisdiction to review de los Santos's issue regarding the trial court's denial of his motion for summary judgment.

## Issues 6-8: Severance

Finally, de los Santos contends that the trial court abused its discretion in denying his motion to sever the Travis and Potts complaints. However, the record reflects that, at the January 17 hearing, the Commission asked the trial court to allow it to "abandon" the Travis complaints, which the trial court accepted. De los Santos correctly indicates that, unless otherwise specified by the requesting party or the court, a non-suit is without prejudice. See Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962). Neither party has brought forth an issue regarding the trial court's acceptance of the Commission's non-suit of the Travis complaints. Consequently, the trial court's denial of the severance was rendered moot by the subsequent non-suit of the Travis complaints. We cannot and will not speculate as to whether the Commission will attempt to reassert claims in the present lawsuit which have been previously dismissed. As the present appeal does not include the Travis complaints, any comment upon these matters by this court would constitute an advisory opinion, which is precluded by the Texas Constitution. See TEX. CONST. art. II, § 1; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). Thus, we overrule de los Santos's issues relating to the trial court's denial of his severance motion.

Conclusion

We reverse the trial court's February 6, 2006 Judgment of Pubic Reprimand and remand for further proceedings consistent with this opinion.


Mackey K. Hancock
Justice

9